## W. B. LITTLEJOHN *v.* THE STATE.

1. LARCENY. *Open taking. Trespass.*
   At the trial of an indictment for larceny, if the property alleged to be
   stolen is shown to have been taken openly and in the presence of the
   owner or other persons, the jury may be instructed that this carries
   with it evidence that the taking was only a trespass.

2. SAME. *Accused as witness. Effect of his testimony.*
   If the testimony of the accused alone warrants this charge, and he is
   contradicted by the persons in whose presence he says he took the
   property, this does not affect his right to have the legal principle an-
   nounced to the jury, for in this respect his testimony stands like that
   of another witness.

3. SAME. *Instruction. Legal terms. Explanation.*
   The instruction is technically correct, and to refuse it is erroneous; but
   the judge might modify it with propriety by explaining the difference
   in law between evidence and proof.

4. LARCENY.  *Possession of stolen property.  Effect in evidence.*

   A charge that recent possession of stolen property affords only slight evidence of guilt, though correct in principle, may be refused, where there is much other evidence of guilt, because it should state that, of itself and by itself, it is only slight evidence.

APPEAL from the Circuit Court of Lowndes County.

Hon. JAMES M. ARNOLD, Judge.

At the trial of the appellant, under an indictment for grand larceny the State introduced testimony to the effect that, on a rainy night a cow was stolen by two men, one of whom, walking with a half-soled shoe, led her by a rope, and the other rode behind and drove her; that by the tracks in the road, the animal was traced to a butcher's pen; that the appellant's boy was found here, and the owner of the animal called on the appellant, who, before anything else was said, remarked, " I am glad you found your cow, I bought her today from Gid Williams;" that the appellant, who was a butcher, entered on his register that morning the purchase of a roan cow with certain marks, whereas this was a white cow with different marks; that, after a warrant was issued for the appellant's arrest, he charged Mid Latham with the theft; that the appellant wore a half-soled shoe, and his tracks fitted those in the road; that his voice was heard by a person who saw the two men in the road with the cow; that the pen did not belong to the appellant, and was a closely built house, calculated to conceal its contents; that the appellant stated that he bought the cow, at his store, on that morning from a man whom he did not know; and that subsequently he attempted to bribe witnesses to swear that Mid Latham stole it. Mid Latham testified for the State, that he was not in town on the day of the stealing, and did not sell the animal to the appellant, who knew him well; and Dan Stevens swore that he lived opposite the appellant's store, and saw no such purchase.

Then the appellant introduced testimony to the effect that Mid Latham was seen leading the cow into town, and was seen in the appellant's store that day; that he concealed himself to avoid arrest; and that he attempted to bribe witnesses to swear that the appellant did the stealing. After proving his own good character, the appellant testified for himself as fol-

lows: Early in the morning a man came to my store, leading by a rope a cow, which I bought in the usual course of my business, in daylight, on a prominent street in Columbus. I did not know the man personally, but supposed his name to be Gid Williams. I afterwards found that it was Mid Latham, and made affidavit against him, but did not offer to bribe any witness. After buying the cow, I told Mid Latham to take her to the slaughter-pen. He started. Not knowing him, I sent my boy to find out if he had carried the animal to the pen, and was informed that she was there. The entry in the register, which was made by Dan Stevens, who saw me buy the cow, was an accidental misdescription. When asked, I answered all questions; stating that I had bought the cow, and showed the register, and told the owner I was glad that he had found his property, gave it to him, and promised to point out Gid Williams. The State, in rebuttal, introduced testimony that Mid Latham was seen at eight o'clock that morning several miles from town, and that the appellant altered the name after discovering that no Gid Williams existed.

The court refused two charges asked by the defendant, which are as follows : " (4) To constitute the offence of larceny, the property must be taken wrongfully or fraudulently, with intent to convert it to the taker's own use, and make it his own property, or to deprive the owner of it. If there be no such intention, the taking amounts to a trespass only. If the taking be open, and in the presence of the owner or other persons, this carries with it evidence that it is only a trespass." (14) " Recent possession of stolen property affords very slight evidence of guilt, because in many instances it is quite consistent with entire innocence." There was a verdict of guilty.

*S. M. & W. C. Meek*, and *T. W. Johnston*, for the appellant.

The court erred in refusing, on behalf of the defendant, to charge that, if the taking be open, and in the presence of the owner or other persons, this carries with it evidence that it is only a trespass. *McDaniel* v. *State*, 8 S. & M. 401. The court also erred in refusing the fourteenth instruction, as requested by the defendant. The latter charge is the language of Chief Justice Chalmers, in the case of *Stokes* v. *State*, 58 Miss. 677. Viewing this case in all its aspects, the rulings of

the court, the facts and circumstances, the overwhelming preponderance of the evidence on the part of the defendant, we think it one of the most remarkable cases that has ever come before this court. Can the bare suggestion that a man has stolen a cow prove his guilt? Let crime be punished, but only in the person of true criminals. The verdict of the jury, looking to possibilities, may be just ; but viewed in the light of the law, it does not and cannot command that confidence and respect which jury trials should inspire.

*T. C. Catchings,* Attorney General, for the State.

The fourth instruction was properly refused. It is not law. If the taking is open and in the presence of witnesses, this is a circumstance for the jury to consider in determining the intention, but it does not follow that in such a case there can be no larceny. Another objection to the charge is, that it assumes that the taking was proved to be of this character, whereas the only testimony to that effect is given by the accused, who is contradicted. Nothing in the case of *Stokes* v. *State,* 58 Miss. 677, justifies the fourteenth charge, asked by the defendant. The language which applies only to cases in which recent possession alone is proved, has no bearing in this case, in which there are many other attendant circumstances.

CHALMERS, C. J., delivered the opinion of the court.

This case must be reversed because of the error of the court in refusing to grant the fourth instruction asked by the defendant. By it the court were asked to inform the jury, that, if property alleged to be stolen is shown to have been taken openly and in the presence of the owner or other persons, " this carries with it evidence that it is only a trespass." This was a correct statement of law (*McDaniel* v. *State,* 8 S. & M. 401), and there was testimony in the case which warranted it. True, it was the testimony of the accused alone, and it was contradicted by the persons in whose presence he testified that he took or received the animal, but this did not affect his right to have the principle of law announced to the jury. His own testimony, however it may be regarded by the jury, stands upon the same footing as to the principles of law governing the case as that of any other witness.

The fourteenth charge, asked by the defence, might, we think, well have been given, though perhaps we might not, in view of the evidence, reverse the case because of the refusal to give it. It announces the correct principle, that recent possession of stolen property affords slight evidence only of guilt. It should have stated that possession alone was of itself and by itself slight evidence of guilt. There was, however, in this case much other evidence of guilt besides possession, and hence the court was justified in refusing to give the charge as drawn.

For the error in refusing the fourth charge the judgment must be reversed and new trial awarded.

Suggestion of error was then made by the Attorney General, who filed in support of it a written argument.

The fourth charge sustained on the *dictum* in *McDaniel* v. *State*, 8 S. & M. 401, is improper, because it is upon the weight of evidence, and is not law. It contains one error at least, for larceny may exist, although the taker has no intention to convert the property to his own use. *Hamilton* v. *State*, 35 Miss. 214. This *dictum* is taken from Roscoe's Crim. Evid. 644, where it is copied from 1 Hale P. C. 509, and both authors use the language about the presence of witnesses, in referring to the weight to be given circumstances in proving the intent, and not in speaking of presumptions of law. Open taking is a mere circumstance to be weighed by the jury with the other facts, in order to determine the taker's intention, and if they find the *animus furandi* from the evidence, the result is not altered by the fact that the taking was before witnesses. East says that the circumstances, where the defence is that the taking was only a trespass, must guide the judgment, and it is the jury's province to determine the intent. 2 East P. C. 661, 685. Hawkins says that larceny from the person of a man without putting him in fear is done either: 1. openly and avowedly before his face; or, 2. privily, without his knowledge. 1 Hawk. P. C. 211 and note 1. Archbold says that the felonious intent is an essential ingredient in larceny, and whether it exists is a question which the jury must decide from the words or acts of the defendant, or the nature of the transaction. 2 Arch. Cr. Pl. 1185. Blackstone says that the ordi-

nary discovery of a felonious intent is where the person does the act clandestinely, but that this is by no means the only criterion. 4 Black. Com. 232. In *McMullen* v. *State*, 53 Ala. 531, an instruction like the one under consideration was held to be properly rejected. Secret taking is a mere *evidence* of felony. *Long* v. *State*, 11 Fla. 295. Open taking is only a circumstance, which may be *evidence* of an honest intent. In *Hart* v. *State*, 57 Ind. 102, the court say that the snatching of bills from a person having them in possession, and retaining them without his consent, do not necessarily constitute larceny, but whether the taking was felonious or not depended upon the purpose in taking the property; and this intent is to be determined by the jury upon all the facts and circumstances. In the case of *Stuckey* v. *State*, 7 Texas App. 174, it was held erroneous to charge the jury that " a man may steal in broad daylight, and in the presence of all his neighbors, as much so as in the night or in secret, but the manner of taking and using property may be considered by the jury in determining the intent of the defendant," not because the principle was incorrect, but because it tended to convey the idea that the court thought that the defendant was not innocent. In other words, it was held to be a charge as to the weight of the evidence. That charge was much less objectionable than the one before this court, for it was qualified by telling the jury that they should consider the manner of taking and using the property in determining the intent of the defendant. The instruction in the case at bar is upon the weight of evidence, and it is calculated to convey the impression that where a taking is open there is never larceny, but always only trespass. The rule is, that an open taking ordinarily indicates a trespass only, and for this reason it is a circumstance to be considered by the jury ; but, in determining the intent, they are to look not only to the character of the taking, but to all the testimony.

CHALMERS, C. J., delivered the opinion of the court.

It is suggested by the Attorney General that the court below committed no error in refusing to instruct the jury that if

property alleged to have been stolen is shown to have been taken openly, and in the presence of the owner or other persons, this carries with it evidence that it is only a trespass. His point is, that there may be the felonious intent, so as to constitute larceny, though the taking be open, and that therefore the instruction was properly refused, because it gave an erroneous definition of trespass, and was calculated to mislead the jury. If the instruction was given as a definition of trespass it was erroneous, and therefore properly refused. It is certainly true that the *animus furandi* may exist, though the taking be open, and if the instruction had the effect of forbidding the jury to consider the other facts in evidence with a view of determining whether such was the fact in this case, then it was properly refused. But this portion of the instruction is not a definition of larceny or of a trespass, nor does it assume to be. Neither does it preclude a consideration of the other evidence in the case. It simply announces that an open taking is regarded by the law as carrying with it *evidence* of trespass. It does not declare that *it is* a trespass, but that, of itself and by itself, the law esteems it as evincing trespass and not larceny. Is not this correct? The test is, whether if this were the only fact proved in the case a conviction of larceny could be sustained. Manifestly it could not, and no court would permit a verdict of larceny on proof of an open taking alone to stand for a moment. There may be other evidence which shows that, although the taking was open, the larcenous intent existed, but this does not affect the question of what the law deems to be established by proof of such taking. The Supreme Court of Alabama held, and properly so, that an instruction which declared that an open taking was not larceny, but a trespass, was erroneous. *McMullen* v. *State*, 53 Ala. 531. This ruling was correct, because the instruction announced as matter of law, not that the open taking was *evidence* of trespass, but that it *was* trespass; whereas, as before remarked, it might under many circumstances be larceny. The instruction before us does not contain this error, but correctly declares that the law deems such taking indicative of the lesser and not of the higher offence. There were many other facts proved in this case outside of the

taking, and the theory of an open taking was abundantly met, perhaps, by other evidence in the case; but yet, according to the prisoner's own testimony, his reception of the animal had been under circumstances of the utmost publicity. The other facts in proof had been made the basis of other instructions, and the defendant had the right to demand that he should have the law expounded as to this also. In giving it the judge might well have modified it by calling the attention of the jury to the legal difference between *evidence* and *proof*, but it was technically correct as it was, and he should not have refused it altogether.