POWERS v. STATE.

(Division B. Feb. 3, 1930.)

[126 So. 12. No. 28403.]

Butler & Snow, of Jackson, for appellant.

**W. A. Shipman,** Assistant Attorney-General, for the state.

**Ethridge, P. J.,** delivered the opinion of the court.

Powers was convicted in the county court upon a charge of unlawfully selling intoxicating liquors. The witness who purchased the alleged whisky testified on the question of venue as follows: "Q. In what county and state? A. State of Mississippi, and this is Washington county, I guess." It was further testified that the whisky was bought on the premises occupied by the appellant at a garage, or building, about a quarter of a mile from the experiment station at Stoneville, and other testimony was to the effect that it was between Stoneville and Dunleith.

None of the witnesses, other than the first witness, stated that it was in Washington county, but it is referred to as being just across Deer creek and near the experiment station at Stoneville. When the defendant came to testify, he stated that he had lived in Washington county for the past four years and described the place on which he had lived during that time. He denied the sale of the whisky. While the defendant was testifying he was asked, on cross-examination, the questions:

"You are under suspended sentence in this court for beating your wife and son, are you not? A. No sir, I am not. Objection. Overruled.

"Q. You say you are not under suspended sentence? Objection. Overruled." No answer.

After the defendant closed his evidence, the state introduced the circuit clerk of the county as a witness; he produced two judgments of conviction of P. B. Powers on assault and battery. The judgments showed that the sentence imposed in his case was suspended during good behavior. The state then introduced Mr. Shanahan, the deputy sheriff, who testified that he was deputy sheriff in charge of the court at the time the cases were tried; that Judge Cashin and Mr. Toombs and Mr. Powers went in the back room with some preacher, and after a talk Judge Thomas called Mr. Powers to the bar and gave

him a lecture. This testimony was objected to, objection was overruled, and exception taken. Mr. Shanahan continued his testimony: "About the way he beat up his wife and child and told him, at the earnest solicitation of the minister and others, and the condition of his family, that if he would go to church every week and report back to the court, he was to go with his family to Sunday School, and to report back to the court once in a while that he was so doing, and during his good behavior he would suspend his sentence. For a long time Mr. Powers reported that he was going to church with his wife. He told me so several times."

This evidence constitutes the first assignment of error. The evidence was introduced for the purpose of discrediting the witness and was admissible for no other purpose. Section 1923, Code of 1906, section 1656, Hemingway's 1927 Code, provides that a witness may be examined touching his conviction of any crime, and his answers may be contradicted, and his interest or his conviction of a crime established by other evidence. The only thing admissible under this statute is the fact of the conviction of the crime and what crime, but the statute does not authorize the giving in evidence of the details of the crime, or the right to examine the witness with reference to the details and to then contradict his answers to such questions bearing on the details. It was competent for the record of conviction to be offered in contradiction of the witness. The question as to whether he was not under suspended sentence for beating his wife and child was improper in form, in that it asked as to the particulars of a crime. It was competent to ask him if he was under suspended sentence in the court for crime, and if so for what crime; but no exception was taken to the ruling on the question at the time, and we could not reverse for the asking of the question over objection without it being excepted to, but it was not permissible to ask the witness about the details of the crime and the subject of the crime of which he was convicted. The judg-

ment introduced in the evidence did not show that the assault was committed on the wife or the child, and manifestly it was the desire of the prosecution to show that the assault was committed upon the wife, and the evidence was admitted, over objection and exceptions, for that purpose. It was clearly prejudicial error in this case. It is as damaging, perhaps, as the testimony condemned in Dodds v. State (Miss.), 45 So. 863, 864. In that case Dodds was convicted of an assault. While he was testifying in his own behalf, he was asked, on crossexamination, whether he had been convicted of crime; he was then asked if he had served a term in the penitentiary, to which an objection was overruled and exception taken. He was then asked whether his conviction was for an assault and battery with intent to kill, and answered in the affirmative. He was then asked whether or not that conviction was not for cutting a white man's throat, to which an objection was overruled and exception taken. The court said: ''We think this plain error. But for the statute, no questions along this line could have been asked at all, and the statute must be strictly construed in favor of a defendant, and it only permits a witness to be examined as to his 'conviction of any crime,' and allows his answers to be contradicted, 'and his conviction of a crime established by other evidence.' This all goes to the credibility of the witness; but it was clearly error to load this man down with the inquiry of whether he was not put in the penitentiary for cutting a white man's throat. Race prejudice, or any other prejudice, should not be tolerated in courts of justice.''

So far as the crime of selling liquor is involved, the personal issue in the former conviction was an immaterial matter, and the appellant's answers with reference thereto could not be contradicted, and he could not be interrogated properly as to the details of the assault and battery. Williams v. State, 73 Miss. 820, 19 So. 826.

It is also complained that the venue was not properly proven. but we think the proof on the question of venue

was sufficient. If the defendant had not taken the stand and testified as to his living in Washington county for the past four years, there would have been grave doubt as to the sufficiency of the evidence. The district attorney, in proving the venue, should not be satisfied with the witness' guess as to the state or county. The witness should use more definite terms than the word "guess," and the venue ought to be clearly established, but in the case before us the defendant's evidence taken with the state's evidence upon the proposition makes the venue proof sufficient, but, for the error of admitting the evidence of the beating of the wife and child, conviction must be reversed and the cause remanded for a new trial.

Reversed and remanded.