St. Louis & S. F. Railway Company *v.* Nichols.

(Division A.   Dec. 14, 1931.)

[138 So. 364.   No. 29505.]

Smith & Smith, of Holly Springs, **D. W. Houston, Sr.** and **Jr.**, of Aberdeen, and **E. T. Miller,** of St. Louis, Mo., for appellant.

798

Foster, Rice & Foster and Harwood & McQueen, all of Tuscaloosa, Ala., and **L. G. Fant, Sr. & Jr.,** of Holly Springs, for appellee.

Argued orally by **Gus Smith, Jr.**, for appellant, and by **L. G. Fant, Jr.**, for appellee.

**Cook, J.**, delivered the opinion of the court.

The appellee, Barry Nichols, a minor, suing by his father and next friend, George J. Nichols, instituted this suit in the circuit court of Marshall county against the appellant railroad company, seeking to recover damages for personal injuries alleged to have been sustained as a result of the negligence of the appellant in the operation of one of its passenger trains; and, from a verdict and judgment in favor of the plaintiff for two thousand dollars, this appeal was prosecuted.

The negligence charged in the declaration as a basis upon which recovery was sought was that the employees of the appellant company operated the said passenger train at an excessive and unlawful rate of speed over and across a grade crossing on a public highway near Columbus, Miss., on which the appellee was traveling in an automobile driven by his brother, and that said employees negligently failed to give the required statutory signals as the train approached the said public crossing. To the declaration the appellant interposed a plea of the general issue, and gave notice thereunder that it would offer evidence to prove that the appellee and his brother, George A. Nichols, the driver of the car in which the appellee was riding at the time of his injury, were engaged in a common purpose or joint enterprise at the time of the said injury, and that they were both guilty of gross negligence which was the direct and proximate cause of the appellee's injuries, in that they failed to stop, look, or listen for an approaching train as the automobile in which they were riding approached the railroad crossing.

The appellee was traveling in an old model T Ford automobile on a public highway leading from Eutaw,

Ala., to Amory, Miss. The automobile was being driven by George Nichols, appellee's brother, and at a point near Columbus, Miss., at a grade crossing over the railroad of the appellant company, it was struck by a passenger train, resulting in the death of the driver and the serious injury of the appellee. At the point where the collision occurred, the public highway approaches the railroad at an angle of about forty-five degrees. Both the train and the automobile approached the crossing from a southerly direction, and for several hundred yards south from the crossing there is nothing to materially obstruct the view from one to the other. The appellee testified that, as the automobile approached this crossing, he was looking to his right at a bank of clouds; that he did not know they were approaching a railroad crossing; that he heard no signals of an approaching train; and that he did not realize that they were on the railroad crossing or that a train was approaching until the moment of the impact.

The proof establishes the fact that the statutory stop signboards, or warning boards, were properly placed on each side of the railroad track about fifty feet therefrom, and that there was also nearer the track a large sign having painted thereon the words "railroad crossing."

The court properly instructed the jury that the evidence failed to support the charge of the second count of the declaration, that the servants of the appellant in charge of the train "wantonly or wilfully or intentionally ran the said engine over and against the said automobile." The proof failed to show that the train, which was being operated in the open country outside of any restricted area, was running at an excessive or negligent rate of speed. As to the remaining ground of negligence charged in the declaration, that is, the alleged failure to continuously ring the bell or blow the whistle for a distance of three hundred yards before the engine crossed

the highway, the appellant contends that the negative testimony of witnesses that they did not hear such signals, as opposed to the positive testimony of a number of witnesses, including the employees in charge of the train, that the signals were given, did not create an issue of fact to be submitted to the jury, and that consequently the court below erred in refusing the peremptory instruction requested by it.

In support of this contention the appellant relies upon the case of Mobile & Ohio Railroad Co. v. Johnson, 157 Miss. 266, 126 So. 827, 828, in which the court discussed, but did not apply, the rule that "the testimony of witnesses that they did not hear the ringing of the bell on a locomotive as it approached a crossing, without proof that the witnesses listened for the bell, or that their attention was in any way directed to it, or that they probably must have heard the bell if it did ring, cannot prevail against the positive testimony of other credible witnesses that the bell did ring at the time in question;" and also the case of Mobile & Ohio Railroad Co. v. Bennett, 127 Miss. 413, 90 So. 113, wherein the court held that the testimony of appellee that he did not hear any train signals or warnings shouted to him by the crossing flagman and bystanders was against the overwhelming weight of the evidence appearing in the record.

In the case at bar, the appellee testified that he did not hear the whistle blow or the bell ring. There was nothing to prevent him from hearing the signals unless it was the noise of the car in which he was riding; and there is no evidence bearing upon that point. Mrs. Nail, a witness for the appellee, testified that she was sitting by an open window on the train; that her attention was not distracted; that she had previously heard the whistle and bell at other points "a long ways up the road," but did not hear a signal near the crossing. Another witness for the appellee testified that he heard one blast of

the whistle before the train reached the crossing, but did not hear any further blast of the whistle or the bell ringing. Joe Jordan, a witness for the appellant, who lived about two hundred feet from the crossing, testified that he was inside his house when he heard one long blast of the whistle, and that he then walked to the door to observe the approach of the train, that after the first long blast of the whistle it stopped, "and then came a little further and two little short blows, and when he hit the car he was blowing then." He further testified that he heard the bell ringing after the train hit the car, but not before. A number of witnesses for the appellant testified that the statutory signals were given. Upon this evidence we think this case comes within the rule announced in the case of Columbus & G. R. R. Co. v. Lee, 149 Miss. 543, 115 So. 782, and applied in the case of Yazoo & M. V. Railroad Co. v. Beasley, 158 Miss. 370, 130 So. 499, 501, that "Testimony that a fact did not occur, given by a witness 'so situated that in the ordinary course of events he would have heard or seen the fact had it occurred,' is sufficient to warrant a jury in finding that the fact did not occur," and that the question of whether or not the statutory signals were given was properly submitted to the jury.

The appellant next assigns as error the granting of an instruction requested by the appellee, reading as follows: "The court further charges the jury for the plaintiff that while the proof of the injury by the running and operation of the train of defendant is prima facie evidence that the same was the result of negligence of defendant, yet when you have heard all the facts and circumstances, if you can determine from such facts and circumstances whose negligence, carelessness, etc., was the cause of the injury then this presumption of carelessness must yield to the facts and you must decide the case upon the facts and not on the presumption. However, if there is such a conflict of facts and theories be-

tween the testimony of plaintiff and the testimony of defendant as to prevent you from being able to determine how the injury was inflicted then you may apply the inference of negligence against the railroad company and render a verdict for the plaintiff.''

All the facts and circumstances surrounding the collision and the injury to appellee were fully and completely developed by the evidence offered in the court below; and, where such is the case, this court has held that it is prejudicial error to give an instruction to the jury on the statutory presumption created by proof of injury by the running and operation of a train. In the recent case of New Orleans & Great Northern Railroad Co. v. Walden (Miss.), 133 So. 241, 246, in condemning an instruction, which was in practically the same language as the one here complained of, the court said: ''What we here hold, and all we do now hold, is that when, in an action for damages from an injury of the character described in the statute, the facts and circumstances of the injury are given in evidence by the plaintiff at any stage of the trial, whether it conflicts with similar evidence of the defendant or not, or are given in evidence by the defendant only, and which evidence the jury is without the right to reject, no instruction should be given to the jury on the statutory presumption.'' Again in the case of Eastman, Gardiner & Co. v. Sumrall (Miss.), 133 So. 212, 213, the court said: ''It was reversible error, as the court now construes the law, to have rendered at all an instruction invoking the prima-facie statute.''

The appellee seeks, however, to distinguish the instruction granted in the case at bar from the instruction condemned in the Walden Case, supra, on the ground that the instruction condemned in the latter case requires the jury to apply the presumption or inference of negligence when there was such a conflict of facts and

theories between the testimony of the plaintiff and the testimony of the defendant as to prevent them from being able to determine how the injury was inflicted, while the instruction in the case now before us simply permits the jury to apply the presumption in such case. The condemned instruction in the Walden Case closes by informing the jury that, "if there is such a conflict of facts and theories between the testimony of the plaintiff and the testimony of the defendant as to prevent you from being able to determine how the injury was inflicted, then you must apply the inference of negligence against the railroad company and render a verdict for the plaintiff," while the instruction here complained of is in the same language with the exception of a change of the word "must" to "may." This change of words does not remove the vice of the instruction as pointed out in the Walden Case, supra, and reaffirmed in the Sumrall Case, supra. Under the rule announced in those cases, where there is such a conflict of fact and theories between the testimony of the plaintiff and the testimony of the defendant as to prevent the jury from being able to determine how the injury was inflicted, and the jury is without the right to reject the evidence of the defendant, the jury is not permitted to apply the presumption or inference of negligence against the defendant.

There is nothing in the record from which we can say that the jury had the right to reject the evidence of the defendant as to the facts and circumstances of the injury to appellee, and it was therefore error to grant the instruction permitting them to apply the presumption or inference of negligence. As granted, the instruction was in conflict with the instructions granted to the appellant, which required the jury to solve the issues presented from the facts and circumstances in evidence without the aid of any presumption, and, for the error in granting this instruction, the judgment of the court below must be reversed.

The appellant argues other assignments of error, most of which are based upon matters of such character that they will hardly occur upon another trial of the cause. In view of the instruction of the court eliminating from the consideration of the jury certain evidence offered by the appellee in reference to the condition of the railroad crossing, we do not think the error, if any, and the admission of this evidence, was reversible. The action of the court below in submitting to the jury the question of whether or not the appellee was guilty of contributory negligence, and instructing the jury to diminish the damages allowed in proportion to the negligence attributable to him, if any, was correct. For the error above indicated, however, the judgment of the court below will be reversed, and the cause remanded.

Reversed and remanded.