## LAWSON *v.* STATE.

(Division A.   Dec. 14, 1931.)

[138 So. 361.   No. 29597.]

Vincent J. Brocato, of Clarksdale, for appellant.

W. A. Shipman, Assistant Attorney-General, for the state.

**Cook, J.**, delivered the opinion of the court.

The appellant, John Lawson, was convicted of grand larceny and sentenced to the state penitentiary for a term of five years; and from this conviction and sentence this appeal was prosecuted.

The conviction is based upon an indictment charging the theft of an automobile, the property of one W. O. Dismukes, who was employed at a garage and service station in the city of Clarksdale. The proof shows that the appellant had been doing odd jobs around this service station for some days prior to the alleged theft, and that during that time appellant had been permitted to use Dismukes' automobile in performing various errands for him. During the morning of the day the theft was alleged to have occurred, Dismukes directed the appellant to go to his home and change or repair a tire on his automobile, and then deliver some clothing to a laundry. The appellant discharged these duties and returned the automobile to the said service station, and Dismukes used it to go to his midday meal. When he returned, he parked his automobile at the service station at a place around which numerous employees were working, and proceeded to his duties on the inside of the building. A short while thereafter, he discovered that his automobile was gone, and thereupon, in connection with certain friends, he instituted a search for it. Later in the afternoon these friends of Dismukes met the ap-

pellant on the outskirts of the city driving the automobile toward the service station. They stopped him and informed him that the officers were searching for him, and that he had been suspected of stealing the car, and instructed him to carry it to the service station, which he promised to do. When he reached the street corner, he turned in the opposite direction toward the country, and thereupon these parties pursued him for a long distance. Failing to overtake him, they notified officers at certain towns located on the road the appellant was traveling, and he was finally stopped and arrested by one of these officers.

The appellant testified that he took the automobile openly and in the presence of persons working at the service station for the purpose of performing a mission for the owner thereof, and that when he was accosted on the street and notified that the officers were looking for him, he fled because he had a large quantity of whiskey in the automobile, and had been instructed by the owner thereof not to let any one catch him with the intoxicating liquor therein.

The appellant was subjected to a lengthy cross-examination in reference to prior convictions of crime, and admitted that he had been convicted of several misdemeanors, and upon being repeatedly asked whether or not he had been convicted in the city court upon several charges of larceny, he replied that he did not remember any such convictions. He was then asked whether or not he had been convicted in the city court of stealing Mrs. Poor's car. To this question objections were interposed and overruled, and he denied such conviction. In rebuttal, over the objection of the appellant, a witness was permitted to testify that the appellant was convicted in the city court "for trespass after he stole" Mrs. Poor's car. After this witness had so testified, he was asked the following question: "Was that the charge he was convicted on Mr. Knight, for stealing Mrs. Poor's

car, and for stealing Dr. Moffett's car." To this question, the witness replied, "Yes, sir," although he had previously testified that the appellant had only been tried and convicted of a trespass. Objections to this question and answer, and a motion to exclude the same, were overruled, and proper exception taken.

We think the cross-examination and contradiction of the appellant in reference to an alleged conviction of trespass and larceny, and the details of such alleged crime, as outlined above, transcend the limits set forth in prior decisions of this court. Dodds v. State (Miss.), 45 So. 863; Walker v. State, 151 Miss. 862, 119 So. 796, 799; Powers v. State, 156 Miss. 316, 126 So. 12. In Walker v. State, supra, the court said: "While section 1923, Code 1906 (now section 1532, Code 1930), expressly provides that the answers of a witness who is being examined in reference to his conviction of crime may be contradicted and his conviction established by other evidence, this does not permit the details of the crime to be shown, and such examination should be held within the limits necessary to call attention to and identify the conviction being inquired about."

The appellant also assigns as error the refusal of the following instruction: "The court instructs the jury for defendant that if the property alleged to have been stolen is shown to have been taken openly and in the presence of the owner or third persons then this carries with it only evidence of trespass."

In the case of Littlejohn v. State, 59 Miss. 273, the court held that an instruction in the exact language employed in the above-quoted instruction was a correct statement of law, and that it was reversible error to refuse it, where there was testimony in the case which warranted it, although it was the testimony of the accused alone. In McDaniel v. State, 8 Smedes & M. 401, 47 Am. Dec. 93, it was held that: "If the taking be open, and in the presence of the owner or of other persons,

this carries with it evidence that it is only a trespass. Rosc. 531, 536. The definition in our statute amounts to the same." This rule of law was reaffirmed and applied in the case of Buchanan v. State (Miss.), 5 So. 617. The appellant testified that he took the automobile openly and with the consent of the owner,. and in the presence of other persons: and upon the authority of the cases cited above, we must hold that it was error to refuse the requested instruction. For the errors indicated above, the judgment of the court below will therefore be reversed, and the cause remanded.

Reversed and remanded.