## Yazoo & M. R. Co. *v.* Pittman.

(Division A.   March 12, 1934.)

[153  So.  382.   No. 31076.]

Hirsch, Dent & Landau, of Vicksburg, Chas. N. Burch, H. D. Minor, and Clinton H. McKay, all of Memphis, Tennessee, for appellant.

**W. W. Ramsey, Thames & Thames,** and **Brunini & Hirsch,** all of Vicksburg, for appellee.

Argued orally by **R. L. Dent**, for appellant, and by **John Brunini**, for appellee.

**McGowen, J.**, delivered the opinion of the court.

Olivia Pittman (colored), the wife of Harry Pittman, received serious injuries from which she died, while riding toward the east in her Ford automobile on a highway at a public crossing. When the car collided with, or was struck by, the appellant's freight train, it was running north near Kelso in Sharkey county. The automobile was a new, two-seated one, being driven by her stepson, from Mayersville to Vicksburg.

Harry Pittman, the appellee, brought an action for damages against the railroad company, the declaration being based squarely on a violation of section 6125, Code 1930, and the failure of the railroad company to give the statutory signals therein required.

The only survivor of the wreck, Pearl Barber, was on

the back seat of the car, and testified that the three oc-
cupants of the car looked and listened, and did not hear
or see the train, giving as a reason for not seeing that
there were obstructions, but that they could have heard
the signals had any been given, and she testified positive-
ly that the whistle was not blown nor the bell rung, as
required by the statute. In a degree, her testimony was
supported by the witness Davis, who lived near the scene
of the accident; and the witness Dorsett delivered testi-
mony which, in some degree, tends to support Pearl
Barber. He did not hear the bell rung, and his evidence
might be construed to mean that the whistle was not
blown continuously for three hundred yards. Davis in-
spected the car after the wreck, and found it to be in
reverse gear.

The effect of Pearl Barber's testimony is that Olivia
Pittman and the driver of her car did all they could to
stop the car after they discovered their peril, and that
they were struck while on the track by the oncoming
train, which was drawn by two engines being what is
commonly known as a doubleheader, and was running
at a speed of forty miles per hour.

All of the train crew testified that the bell was rung
and the whistle blown for the statutory distance. Some
heard the whistle and did not hear the bell. The en-
gineer testified positively that he rang the bell and blew
the whistle continuously from the whistle board until
the collision, and that the bell did not stop ringing until
after the collision.

There is much evidence to show that, if the occupants
of the car had looked or listened, they would have seen
or heard the approaching train.

The case was submitted to a jury which found in favor
of the appellee, returned a substantial verdict, and judg-
ment was entered accordingly. On a motion for a new
trial, the appellant railroad company offered a steno-
graphic report of the speech of Mr. Thames, of counsel
for the appellee, as being a ground for the granting of

said motion. No objection was urged to this argument when made, nor was there any bill of exceptions then and there taken. The court properly excluded the speech.

On the trial, the witness Davis was permitted to testify for the appellee as follows:

"Q. What opportunity have you had for observing this crossing prior to July 6th, and the reasons for observing it carefully? A. You mean noticing it?

"Q. Yes. If you noticed it particularly, give the jury and court the reasons why. A. I go out to that crossing to get the mail. There is a mail box there, and my children get on the school bus there, and I notice the crossing a lot. On different occasions I have seen a lot of cars pass there and almost get run over by the train.

"Q. Have you ever seen your children take the school bus there? A. Yes sir.

"Q. Now, Mr. Davis, you say that you have seen them almost run over by the train. Are you familiar with the operation of trains over the railroad crossing, this crossing, with reference to blowing the whistle and ringing the bell? A. No sir, I never paid much attention to it. I notice them blowing for the crossing.

"Q. Did you ever notice them not blowing for the crossing? A. Yes sir.

"Q. Often or not?

"By Mr. Dent. We object to that and move the court to exclude it as immaterial and irrelevant and not confined to the issue in this case.

"By the Court. Objection overruled. It is equal to proving the custom, or tending to show the custom or reputation. I think it is competent."

This action of the court is assigned as error.

It is first insisted that the court should have granted a peremptory instruction, or ordered a new trial, because of the overwhelming, preponderating weight of the evidence for the railroad company.

It is certain that there was square conflict in the evi-

dence, and that a peremptory instruction should not have been granted.

It is argued that the evidence of Pearl Barber is negative, although she testified positively that the statutory signals were not given, and, when asked her reason for so saying, she said she did not hear them and that she could have heard them if they had been given. The case of Mobile & O. R. R. Co. v. Johnson, 157 Miss. 266, 126 So. 827, is mainly relied on.

We are of the opinion that, as to the granting of a new trial or a peremptory instruction, the rule properly applicable to the case at bar is announced in Columbus & G. Ry. Co. v. Lee, 149 Miss. 543, 115 So. 782, and the authorities there cited, approved in Yazoo & M. V. R. R. Co. v. Beasley, 158 Miss. 370, 130 So. 499, and St. Louis & S. F. R. R. Co. v. Nichols, 161 Miss. 795, 138 So. 364. Also compare Gulf & S. I. R. R. Co. v. Simmons, 150 Miss. 506, 117 So. 345; Id., 153 Miss. 327, 121 So. 144.

The trial judge, on the motion for a new trial, evinced a thorough knowledge of the record, and he was as well qualified as the jury to observe the witnesses, their manner of testifying, and their demeanor on the witness stand.

The rule in this state with reference to granting new trials by the trial court is accurately stated in the case of Fore v. A. & V. Ry. Co., 87 Miss. 211, 39 So. 493, 690, as follows:

"A circuit judge may grant a new trial if the verdict be against the weight of the evidence; but he is warranted in granting either party a peremptory instruction only when the evidence favorable to the other, conceding it to be true, discloses no legal right in him or fails to maintain the issue in his favor," quoted with approval in the case of Newton v. Homochitto Lumber Co., 162 Miss. 20, 138 So. 564.

If the case at bar had been rested on the testimony adduced by the appellee, and the jury had returned a verdict thereon, there would have been ample evidence to

support the verdict, giving due weight to the topography and the physical conditions. The evidence for the plaintiff in the court below established his case, if believed, that the statutory signals were not given, and neither the judge in the court below, nor this court, is permitted to substitute its judgment for that of the jury. We cannot say that the testimony in his case is so unreasonable that we would be warranted in annulling the verdict of the jury or awarding a new trial.

However, this case must be reversed because the court below was in error in holding that the evidence of the witness, Davis, above set forth in extenso, was competent.

There was no allegation in the declaration that the engineer was incompetent. The effort to prove the custom of other engineers on other occasions was incompetent in this case and harmful in view of the sharp conflict in the evidence. We think it is highly probable that this evidence turned the verdict in favor of the plaintiff. The exact question has been settled in Mississippi Central R. R. Co. v. Samuel Miller, 40 Miss. 45, and Southern R. R. Co. v. Kendrick, 40 Miss. 374, 90 Am. Dec. 332, followed by Tribette v. I. C. R. R. Co., 71 Miss. 233, 13 So. 899. Also see Towle v. Pacific Improvement Co., 98 Cal. 342, 33 Pac. 207; McDonald v. Inhabitants of Savoy, 110 Mass. 49, and 1 Jones on Evidence, 162.

The question here was whether the signals were given, and what happened on some other occasion was irrelevant, and allowing it to become a part of the testimony rendered the action of the court in this behalf fatal error, for which the case must be reversed and a new trial awarded.

Reversed and remanded.