Oakman *v.* State.

In Banc. April 11, 1949.

(39 So. (2d) 777)

**Truly & Truly,** for appellant.

140

George **H.** **Ethridge,** Assistant Attorney General, for appellee.

**Alexander, J.**

Appellant appeals from a verdict and judgment of conviction of grand larceny. The errors assigned and argued are (1) refusal of a peremptory charge; (2) an instruction given the State and (3) an instruction refused to the defendant.

We are of the opinion that the proof of guilt was, under the evidence, sufficient to create an issue of fact for the jury and that refusal of the peremptory charge was proper.

The State procured the following instruction:

"The Court instructs the jury for the State of Mississippi that in this case you may return either of the following verdicts:

"1. 'We, the jury, find the defendant guilty as charged.'

"2. 'We, the jury, find the defendant not guilty.'"

It is contended that there was improperly omitted an alternative of criminal trespass. ██ Here the defense was that the defendant who allegedly had bought only five cows, took and carried away six under a bona fide belief that he had purchased the extra cow for whose taking he was indicted. There is no question that this animal was taken with an intent to retain and control it for his own use. The asportation was complete. There remained as a factual issue only the factor of a criminal intent. It will be seen, therefore, that if such intent did not exist he would be guilty of neither larceny nor criminal trespass. If it did exist the crime would be larceny.

Hence the only alternative to guilt as charged was a finding of not guilty.

The trial judge refused the following instruction for the defendant:

"The Court instructs the jury for the defendant that if the property alleged to have been stolen is shown to have been taken openly and in the presence of the owner or third persons then this carries with it only evidence of trespass."

Were the refusal of this instruction not cured by other instructions we would be compelled to re-examine the dictum in McDaniels v. State, 8 Smedes & M. 401, 16 Miss. 401, 47 Am. Dec. 93, which was lifted from the opinion therein and later incorporated in instructions approved in Littlejohn v. State, 59 Miss. 273, and Lawson v. State, 161 Miss. 719, 138 So. 361.

The following instructions were given on behalf of the defendant:

"The Court instructs the jury for the defendant that if you believe from the evidence in this case that the defendant, Malcolm Oakman, honestly believed that he had bought the red white-faced cow, alleged in the indictment to have been stolen, even though he might have been mistaken in this belief the jury shall find the defendant not guilty."

"The Court instructs the jury for the defendant that:— If you believe from the testimony in this case that Jesse James sold the defendant six animals, but that the defendant, by mistake took one cow that Jesse did not intend that he should, then the defendant would not be guilty of larceny and you should acquit."

"The Court instructs the jury for the defendant that: —Any taking and carrying away of the property of another, in order to constitute a crime, must be felonious, that is to say must be with felonious intent. An open and peaceful taking, without an attempt to conceal the taking of the property involved, raises a presumption that there was no felonious intent. An honest taking, an honest

belief on the part of the one doing the taking, and charged with the crime, would not constitute larceny. An honest belief on the part of the one doing the taking the property of another that he had the right to take the property must not only be honest but must be reasonable, such a belief that an honest, reasonable and prudent person would be justified in entertaining at the time of the taking.''

The last quoted instruction, by importing the force of a presumption into what is without doubt a comment on the weight of the evidence, transcended the rights of the defendant. The point, however, is not its propriety but the fact that it was procured, and its curative effect upon a failure to obtain the instruction insisted upon.

Affirmed.