NEW ORLEANS & NORTHEASTERN RAILROAD COMPANY *v.* GABLE

No. 43355          March 1, 1965          172 So. 2d 421

*Melvin, Melvin & Melvin,* Laurel; *Winston Cameron,* Meridian, for appellant.

*Walker, Dillard & Baldwin,* Laurel, for appellee.

608

Inzer, J.

Appellee, Aubert Gable, recovered judgment for $10,-000 against appellant, New Orleans & Northeastern Railroad Company, in the Circuit Court of Jones County, as damages for personal injuries alleged to have resulted from the negligence of the agents, servants and employees of appellant in operation of a train which struck the truck appellee was driving over the crossing on Twenty-fourth Street in the City of Laurel. From this judgment the New Orleans & Northeastern Railroad Company has appealed to this Court.

In addition to its brief on the merits of this appeal, appellant has filed in this Court a plea in bar of this suit. The basis of this plea is the doctrine of res adjudicata. Appellant alleges in the plea that a suit involving the same parties, the same issues, and growing out of the same accident, has proceeded to final judgment in the United States Court for the Jackson Division of the Southern District of Mississippi, and that this judgment is res adjudicata of the issues involved in this suit. Appellee has filed a motion in this Court to strike the plea.

## Plea in Bar

We will first address ourselves to the plea in bar, and in order to do so it will be necessary to outline the somewhat novel procedural steps taken in this case.

The record reflects that appellee filed this suit in the circuit court on September 24, 1962, returnable to the regular November term of that court. Process was issued on the same date, and was served on the following day on an agent of appellant. On October 23, 1962 appellant filed a suit in the United States Court for the Hattiesburg Division of the Southern District of Mississippi against appellee and his father, Noel Gable, seeking to recover from them $29,623.82 as damages to its locomotive engine alleged to have been caused by the negligence of appellee in the same accident that was the basis of the suit in the circuit court. On motion of the appellee and his father, the above mentioned suit was transferred to the Jackson Division of the United States Court for the Southern District of Mississippi, hereafter referred to as Federal Court.

Thereafter, on November 9, 1962, appellant filed an answer in the circuit court and denied any liability, and filed a counterclaim against appellee, seeking to recover from him $29,623.82 as damages to its locomotive engine, this being the same claim that appellant had already filed suit for in Federal Court. Appellee answered the counterclaim and denied that he was guilty of any negligence relative to the collision. The next action taken in this case was on August 19, 1963, when appellee filed a motion asking that the cause be advanced on the docket. As ground for the motion appellee set up the fact that the case pending in Federal Court was about to be tried, and since this case had been filed first, it should be tried first. This motion was overruled. On August 23, 1963 appellant filed a motion to abate or suspend action in this suit, and as basis for the motion set up the fact that the suit in

Federal Court had been tried and the issues submitted to the jury for decision; that the outcome of that suit would be determinative of the issues in this suit. The record does not reflect any order relative to this motion, but it is apparent that it was overruled, because the trial of all the issues raised by the pleadings was proceeded with in circuit court. During the course of the trial, appellee made a motion to strike the counterclaim of appellant for the reason that the jury had returned a verdict for appellant in the case in Federal Court for $7500, and that this was the same claim appellant had counterclaimed in this suit. The trial judge overruled this motion and allowed appellant to litigate its counterclaim. The trial resulted in the judgment *supra*.

The plea in bar has attached to it as exhibits a certified copy of the judgment of the Federal Court, a certified copy of the docket entries showing the date of filing, entry of judgment and issuance of execution thereon, and the collection and distribution of proceeds of judgment. A copy of the pleadings in Federal Court is not attached as an exhibit. However, it is apparent from the briefs that appellee did not counterclaim his claim for damages in Federal Court. We have determined that appellee was not required to do so under the Federal Rules of Civil Procedure, for the reason that his claim for damages for personal injuries was pending in this case at the time appellant filed its suit in Federal Court. This is an exception to Rule 13(a) of the Federal Rules of Civil Procedure, which requires a defendant to state as a counterclaim any claim that he has against the opposing party. The rule, as stated by Moore, is: "A claim which is the subject of a pending action need not be pleaded although it does arise out of the transaction or occurance that is the subject matter of the opposing party's claim." Moore, Federal Practice and Procedure § 11.09(4) (2d ed. 1948).

Appellant cites and relies upon the case of Kline v. Burke Construction Company, 260 U.S. 226, 67 L. Ed. 226, 230 (1922), in which case the Supreme Court of the United States said relative to a similar "in personam" race through state and federal courts that:

Each court is free to proceed in its own way and in its own time, without reference to the proceedings in the other court. Whenever a judgment is rendered in one of the courts and pleaded in the other, the effect of that judgment is to be determined by the application of the principles of res adjudicata by the court in which the action is still pending in the orderly exercise of its jurisdiction, as it would determine any other question of fact or law arising in the progress of the case.

■■■ We do not take issue with this statement of law, but we are free to apply the law of this state relative to whether or not the judgment rendered in the Federal Court is res adjudicata as to this suit. When we examine the plea insofar as its effect in barring or merging this cause into the judgment rendered in Federal Court, we find that the four identities necessary for the operation of the bar or merger aspect are not present. Further, under our comparative negligence statute, the fact that the appellee may have been guilty of negligence is not a bar to his recovery in this suit. We said in the recent case of Johnson v. Bagby, 252 Miss. 125, 171 So. 2d 327, that "as yet litigants have the right not only to choose their forum, but frequently the right to choose their adversaries." Appellee chose to litigate his claim for damages for personal injuries in the circuit court, a proper forum. Appellant chose to litigate his claim for property damages not only in the circuit court, but also in federal court. Although appellant obtained judgment in Federal Court, it was not content to rely on that judgment, but proceeded to again litigate the same claim in this case. At some point ap-

pellant should have been required to elect the forum in which it desired to litigate its claim. For the reasons stated, we are of the opinion that the plea of res adjudicata is not well taken, and that the motion to strike the same should be sustained. Miss. Code Ann. § 1454 (1956); Golden v. Golden, 246 Miss. 562, 151 So. 2d 598 (1963); Jones v. George, 126 Miss. 576, 89 So. 231 (1921).

## Merits of Appeal

Appellant in its brief on the merits of this appeal urges three propositions. They are: (1) that there is not sufficient creditable evidence to support the verdict of the jury in finding that the appellant was guilty of negligence; (2) that the trial court committed reversible error in excluding a part of the evidence offered by appellant with reference to its counterclaim; and (3) that there is not sufficient evidence to support the amount of appellee's damages as found by the jury.

As to appellant's first proposition, we find that appellee in his declaration alleged that the sole proximate cause of the collision was the failure of appellant's agents, servants and employees to keep a proper lookout, failure to operate its engine with proper care and caution, failure to sound its whistle, bell or other warning device, and failure to keep its right-of-way clear of trees, weeds and other growth. Appellee testified that he stopped his truck and looked and listened, but did not see the train or hear any signals to warn him that the train was approaching, that his view of the track was to some extent obstructed by a tree, bushes and weeds. He further testified that the first time he received any warning that the train was approaching was at the time he was on the crossing and when the train was only about 125 feet from him. He estimated the speed of the train at 60 to 70 miles per hour. Two other witnesses for appellee testified that they did not hear the statutory signals. The five members of the train

crew and three other witnesses testified on behalf of appellant that the statutory signals were given. We have held in many cases that where the witnesses who testified that they did not hear the signals were so situated that in the ordinary course of events they would have heard the signals if they had been given, is sufficient to submit the issue to the jury and warrant the jury in finding that the signals were not given. Columbus & G.R.R. v. Lee, 149 Miss. 543, 115 So. 782 (1928); Louisville & N.R.R. v. Whisenant, 214 Miss. 421, 58 So. 2d 908 (1952); Gulf & S.I.R.R. v. Simmons, 153 Miss. 327, 121 So. 144 (1929); Mississippi Cent. R.R. v. Roberts, 173 Miss. 487, 160 So. 604 (1935).

Appellant in its motion for a new trial in the trial court contended, as it contends here, that the evidence in this case so strongly preponderates in its favor as to be clearly overwhelming. The trial judge, who had the opportunity to observe the witnesses as they testified and was in a position to weigh the evidence, refused to grant the motion for a new trial. We have carefully examined the evidence, and we can not say that the evidence is so overwhelmingly in favor of appellant as to evince bias, prejudice and passion on the part of the jury. Yazoo & Miss. R.R. v. Pittman, 169 Miss. 667, 153 So. 382 (1934); St. Louis & S.F.R.R. v. Nichols, 161 Miss. 795, 138 So. 364 (1931).

The second proposition argued by appellant is that the trial court committed reversible error in excluding part of its evidence relative to damage to its engine. This was evidence of the amount appellant paid for replacement of its diesel engine, and not for the cost of repair. If the exclusion of this evidence was error, it was harmless under the facts in this case. The trial court allowed appellant to introduce other evidence as to the damage to its locomotive, the amount of which exceeded the amount of appellee's claim. We find no merit in appellant's contention in this regard.

■■ ■ Finally, appellant argues that there is not sufficient evidence to support the amount of appellee's damages as found by the jury. Appellee did not offer any medical evidence to substantiate his claim for damages, but the evidence does reveal that he had been treated by three doctors. The first was Dr. Richmond Laverne Alexander, Jr., who saw the appellee on the date of the accident and again five days later. Dr. Coursey, who is now dead, treated him on several occasions after this time. Appellee testified that he was still being treated by Dr. William Eurie, who lives at Bay Springs. Appellee waived the privilege as to the doctors, and appellant called Dr. Alexander as a witness, but did not call Dr. Eurie. Dr. Alexander testified that he first saw appellee on the day of the accident; that he found appellee had a bruised left elbow and bruises on his back in the area of the second, third and fourth lumbar vertebrae, with muscle spasms on the right side of his back. At that time he made x rays of the back and elbow and found no broken bones. He treated appellee on that day and prescribed medicine for him to relieve pain and to relax the muscles in his back. Dr. Alexander saw appellee again five days later, and at that time appellee was very nervous, but his back seemed to be improving. Dr. Alexander did not see appellee any more, and in his opinion based upon his examination there was no permanent injury to appellee's back. However, appellee, his wife, his father and two other witnesses testified as to his condition since the accident. From their testimony the jury could find that appellee had suffered permanent injury to his back and nervous system. While the amount of damages awarded is large, under the facts and circumstances of this case we cannot say that the amount is so excessive as to indicate bias, prejudice and passion on the part of the jury. New Orleans & N.E.R.R. v. Lewis, 214 Miss. 163, 58 So. 2d 486 (1952); J. C. Penney Co. v. Evans, 172 Miss. 900, 160 So. 799 (1935).

We have carefully considered the record in this case, and find that the issues were submitted to a jury under proper instructions. There is no reversible error in the record. The case is therefore affirmed.

Affirmed.

*Kyle, P. J., and Gillespie, Jones & Brady, JJ.,* concur.