GILLESPIE, Presiding Justice:
This is an appeal from a judgment of conviction for the crime of mayhem. We affirm the conviction.
The indictment was drawn under Mississippi Code Annotated section 2283 (1956), which provides:
Every person who, from premeditated design or with intent to kill or commit any felony, shall mutilate, disfigure, disable or destroy the tongue, eye, lip, nose, or any other limb or member of any person, shall be guilty of mayhem, and, on conviction thereof, shall be punished by imprisonment in the penitentiary not more than seven years or in the county jail not less than six months.
*926 The indictment included a charge of “premeditated design to mutilate and disfigure the eyes, lips and nose of Frank Murphy * * »
The jury was justified in finding the ultimate facts as next stated. One Tolleson and Frank Murphy were in a store, and they began arguing about a debt said to be owed Tolleson by Murphy. Defendant had no interest in this matter, but began berating Murphy for not paying Tolleson, and cursed Murphy, calling him a variety of vile names. Murphy left and went home, where he brooded about being cursed by defendant. Some time later Murphy returned to the store, and defendant and three others were in a side room playing dominoes. Murphy approached defendant and asked defendant to take back the names defendant had ■called him. Defendant’s response was more ■cursing, and as he rose from his chair, a fight started. They fell to the floor, with Murphy on top of defendant. Defendant was being severely beaten by Murphy, and he called for help. Tolleson kicked Murphy and pulled him off defendant by grabbing his hair. After that, Murphy offered defendant his hand, and defendant accepted it and they shook hands. Murphy said he was sorry it led to a fight, and all defendant had to do was to take back those names. Defendant said it was all right, and Murphy then gave defendant a handkerchief, with which he wiped the blood off his face. Murphy walked out of the domino room, and defendant stopped and picked up a king-size Coca-Cola bottle and broke off the end. The store manager said to defendant, “Fred, •don’t do it. It will get you in more trouble than it will ever get you out of.” Defendant pointed the broken bottle at Murphy and ■said, “Murphy, this ‘coke’ bottle will be the last thing you will ever see.” Murphy ■grabbed a stool to use to defend himself. When the store manager took hold of defendant, Murphy put the stool down and ■turned and walked away. He had gone about ten feet when someone screamed for him to look out. As Murphy turned to his right, defendant struck him with the broken bottle. The glass cut Murphy’s nose and lip, and destroyed one eye.
Defendant’s first assignment of error is that the trial court erred in overruling defendant’s motion for a directed verdict. His argument is that there is no proof of premeditated design. A careful consideration of the evidence shows that the jury was fully justified in finding a specific intent on the part of defendant to do just what he did, and that it was done from a premeditated design. We are of the opinion that there is no merit in the first assignment of error.
The second assignment of error is that the trial court erred in granting to the state an instruction which used the words “deliberate design,” rather than the statutory words, “premeditated design.” “Deliberate” is a synonym for “premeditated.” Webster, New International Dictionary (2d ed. 195S). This Court has said that “malice aforethought,” “deliberate design,” and “premeditated design” mean the same thing. Hawthorne v. State, 58 Miss. 778 (1881). Moreover, defendant was granted an instruction requiring the jury to find defendant guilty beyond a reasonable doubt, “with premeditated design” to mutilate, etc., before it could return a verdict of guilty. We find no merit in the second assignment of error.
The third and fourth assignments of error complain of state instructions, but we find no error therein when all the instructions are read together.
 The fifth and final assignment of error is based on the cross-examination of defendant by the district attorney. The district attorney was questioning defendant about his prior convictions, and during the course of the questions the defendant said, “What incident was that?” In response to the question propounded by the defendant, the district attorney said, “That’s when you didn’t have that bill paid and you went out there to cut that woman’s tires.” Defendant’s counsel made an appropriate objec *927 tion, which was overruled. The district attorney then stated, “Is that right?” Defendant answered, stating, “I paid * * * she owed me seventeen dollars and didn’t pay me. And my fine was two hundred and fifty dollars so I must have won on that deal, too.”
We recognize and adhere to the rule announced in Powers v. State, 156 Miss. 316, 126 So. 12 (1930), that where defendant is sought to be impeached on ground of conviction, details of the crime are not admissible, and he cannot be examined as to such details.
The objection was directed to a statement of the district attorney made in response to a question by defendant concerning which incident was involved. The trial judge was not in error in overruling the objection under the circumstances, because the accused invited the statement. Assuming that the court should have instructed the district attorney not to ask defendant about the details of the crimes of which he had been convicted, we hold there was no reversible error in this regard. The trial judge should have discretion in such matters, and under the circumstances we cannot say there is reversible error.
We find no reversible error, and the judgment of conviction is affirmed.
Affirmed.
PATTERSON, INZER, SMITH and ROBERTSON, JJ., concur.