255 So.2d 322 (1971)
Jerry L. JOHNS
v.
STATE of Mississippi.
No. 46581.
Supreme Court of Mississippi.
December 6, 1971.
*323 Guy C. Faggard, Pascagoula, for appellant.
A.F. Summer, Atty. Gen. by Karen Gilfoy, Sp. Asst. Atty. Gen., Jackson, for appellee.
GILLESPIE, Chief Justice:
Jerry Johns was convicted in the Circuit Court of Jackson County of arson and sentenced to ten years in the state penitentiary.
The state offered sufficient circumstantial evidence to make a jury issue as to the defendant's guilt. The defendant took the stand in his defense and gave an exculpatory version of how the fire occurred in which the front part of his parents' home was blown out and partially burned. A statement of the evidence would serve no useful purpose.
When the defendant was tendered to the prosecuting attorney for cross-examination, the following took place:
Q. And I believe you told this court and jury you had been convicted of stealing an automobile?
A. Yes, sir.
Q. How many times?
A. Once.
Q. How about on 7-9-67 in Cumberland, Maryland, were you not A.W.O.L. and charged with automobile theft?
BY MR. FAGGARD: Just a minute. We ask the Court to instruct the jury to disregard this.
BY THE COURT: You should ask him the question about how many times he had been convicted. That hasn't been asked yet.
BY MR. SHADDOCK: I understood he told Mr. Richardson and Mr. Faggard he had been convicted once.
BY THE COURT: Ask him the question.
BY MR. SHADDOCK: How many times have you been convicted?
BY THE WITNESS: I have been convicted of a felony, or anything, one time, in Federal court.
BY THE COURT: Wait, now. He's asking you in any court.
BY THE WITNESS: In any court, the only conviction I have was by the Federal government in Federal Court in Biloxi, Mississippi, in 1968.
BY THE COURT: That's your only conviction?
BY THE WITNESS: That's the only conviction.
BY MR. SHADDOCK: Let me ask you this then.
BY MR. FAGGARD: May it please the Court, if they have any evidence to the contrary, they should produce it in the proper manner.
BY MR. SHADDOCK: I will be glad to produce it.
BY MR. RICHARDSON: And we don't care about him drawing any inferences, either.
BY THE COURT: He has a right to ask him, though.

*324 BY MR. FAGGARD: May we approach the bench just a moment? (Whereupon counsel confers at Bench).
BY MR. SHADDOCK: Have you ever been to Rockford, Illinois?
A. Yes, I have.
BY MR. FAGGARD: May it please the Court, we object to this.
BY MR. RICHARDSON: It is not material and we enter a continuous objection to this type of testimony.
BY MR. SHADDOCK: Have you ever been to El Reno, Oklahoma?
BY MR. FAGGARD: May it please the Court, we at this time ask the jury to be excused and we ask for a mistrial. The Court has ruled on this.
The court then excused the jury and the prosecuting attorney questioned defendant extensively but failed to show that the defendant had been convicted of any crime except the automobile theft in Federal court at Biloxi. The state failed to offer any evidence whatever contradicting defendant's statement (before the jury) that he had been convicted only once. The jury then returned and the court made the following ruling:
BY THE COURT: Ladies and gentlemen of the jury, the defendant is required to answer concerning his convictions and the State has a right to ask him if he has ever been convicted of a crime. There is a lot of difference in being convicted of a crime and being charged with a crime, and if the prosecution asked him about charges, that was improper and you are requested to disregard anything of that nature.
It is contended that the court erred in not ordering a mistrial as requested by defendant.
The statutes[1] provide that a conviction may be given in evidence to impeach the credibility of a witness. These statutes, which must be strictly construed, permit a witness to be examined as to his convictions; and if he denies he was convicted, then he may be contradicted by proving the fact of conviction. Powers v. State, 156 Miss. 316, 126 So. 12 (1930). It is error for a prosecutor to ask a defendant if he has been "charged" with a crime. Starling v. State, 89 Miss. 328, 42 So. 798 (1907). In the present case the district attorney not only asked the defendant if he had been "charged" with a crime, but also inferred that defendant had been A.W.O.L. and convicted of crimes in three different states. This was reversible error since we cannot say what effect the incompetent statements had upon the jury.
Perhaps the most prejudicial error was committed by the district attorney when, in response to defense counsel's statement that "if they have any evidence to the contrary (that defendant had been convicted only once), they should produce it in the proper manner," the district attorney responded, "I will be glad to produce it." The district attorney did not thereafter reveal a scintilla of evidence of other convictions, yet he in effect told the jury he had such evidence and would produce it.
For the above reasons the case is reversed and remanded for a new trial.
The other error assigned involved evidence given by the fire marshal that his investigation revealed defendant's parents were ten months behind on their mortgage payments. On the grounds assigned, this was not error, however, it was hearsay and probably an objection would have been sustained if proper objections had been made. There is no reason for this question to recur on a new trial.
Reversed and remanded.
BRADY, PATTERSON, SMITH and SUGG, JJ., concur.
NOTES
[1] Miss.Code 1942 Ann. §§ 1692, 1693 (1957).