ROBERTSON, Justice:
The appellants, James Griffin and wife, Mrs. Jacquelin Griffin, appeal from a decree of the Chancery Court of the First Judicial District of Hinds County, Mississippi, awarding custody of a minor female child, April Lyn Adams, to her natural mother, Mrs. Tiny Adams Bell, after a full hearing on a petition for a writ of habeas corpus filed by Mrs. Tiny Adams Bell.
The decree appealed from was rendered on June 21, 1967, but the change of custody therein provided for was stayed until December 27, 1967. In addition to the stay of execution, supersedeas was granted by the chancery court, and the physical custody of the minor child is still with the maternal aunt, Mrs. Jacquelin Griffin, and her husband, James Griffin.
The principal question is whether the Youth Court Division of the Hinds County Court acquired jurisdiction of the parties and the subject matter by virtue of an allegation in the petition filed that the minor child was a neglected child.
April Lyn Adams was born to Dwayne and Tiny Adams on November 3, 1959. A year or so later, Mr. and Mrs. Adams were divorced in Texas, where they were living at the time, and for about one and one-half years, the natural father, Dwayne Adams, retained custody of his minor daughter, April Lyn Adams.
On May 26, 1965, at Big Spring, Texas, L. Dwayne Adams, the father, and Tinj Adams, the mother, entered into a custody agreement reciting, among other things:
“We agree that the best interest of the child, APRIL LYN ADAMS would be for her custody and control to be placed with her mother, TINY ADAMS. However, if the parties agree, in the future, to APRIL LYN ADAMS being with her father, L. D. ADAMS, then the custody and control of the child shall be in L. D. ADAMS without the need of further court action.”
Based on this custody agreement, a consent judgment was entered in the District Court of Howard County, Texas, awarding custody and control of the minor child, April Lyn Adams, to her natural mother, Tiny Adams. However, on September 1, 1964, Mrs. Tiny Adams, who had secured the child from her former husband, turned over physical custody of her child to her sister, Mrs. Jacquelin Griffin, and the child was brought from Texas to Mississippi by Mrs. Griffin.
Mrs. Tiny Adams secured her child from her sister, Mrs. Jacquelin Griffin, during the early part of September 1965 and entered her in the first grade of school in Jackson, Mississippi, Mrs. Adams having previously moved from Texas to Jackson. The child remained with her mother for about a week, and the mother was then persuaded by her sister, Mrs. Jacquelin Griffin, to return the physical custody of her child to the Griffins.
About the middle of January 1966, Mrs. Tiny Adams and her husband-to-be, Walter B. Bell, talked with her sister and her husband, Mrs. Jacquelin Griffin and James Griffin, about returning her minor child, April Adams, immediately upon the marriage of Mrs. Adams to Walter Bell. The Griffins did not want to return April Adams to her mother, Mrs. Tiny Adams, and requested her to let April remain with them at least until the school term was completed about June 1, 1966. Mrs. Tiny Adams and Walter Bell were married on February 19, 1966.
The Youth Court Judge of Hinds County, without notice to the natural parents, L. Dwayne Adams and Mrs. Tiny Adams Bell, on June 1, 1966, entered an emergency order which recited:
“This cause this date came on for hearing on an emergency basis in the interest of April Adams, a minor, of the age of six years and seven months, and the court having considered the report of the Youth Counselor in this cause and the report of the Mental *575 Health Clinic, and the court finding that an emergency situation does exist in regard to April Adams, the court finding that it would be in the best interest of said child that her care and custody be awarded to her aunt and uncle, Mr. and Mrs. James E. Griffin until this cause can be heard on its own merits.”
On June 1, 1966, Mrs. Jacquelin Griffin swore to a petition later filed in the youth court wherein she stated:
“April Adams * * * is a neglected child within the meaning of Chapter 207, of the Mississippi Laws of 1946, in that said child lacks the proper care, support and supervision from her own natural parents in that said child developed certain health problems while living with her father and no or inadequate medical attention was sought. The petitioner would advise the court that said child has been cared for solely by the petitioner and her husband since Sept. 1, 1964 except for a period of one week more or less during Sept. 1965. The petitioner would advise the court that Mental Health Clinic is now helping the petitioner in regard to said child and the clinic workers recommend that said child remain in the home of the petitioner and her husband.” (Emphasis added).
On June 14, 1966, a hearing was had on the petition filed in youth court, and custody was awarded to Mrs. Griffin on the basis of April Adams being a neglected child. L. Dwayne Adams and Mrs. Tiny Adams Bell appealed to the Chancery Court of the First Judicial District of Hinds County from the order of the Hinds County Youth Court, and the chancery court, on February 28, 1967, found:
“[B]ecause of the defective process issued to April Adams in this cause that said minor was not properly before the Court and that said cause should be reversed and remanded for a new trial on the basis of this defective process and for the further reason of finding whether the natural parents of said April Adams are ready, willing and able to give the psychiatric help needed by said child. There is nothing in the record from the lower Court to show that said parents were ready, willing and able to provide the psychiatric help needed for said child.”
No action was taken on this remand, and, on May 8, 1967, a petition for a writ of habeas corpus for the custody of April Adams, a minor, was filed by her natural mother, Mrs. Tiny Adams Bell, in the Chancery Court of the First Judicial District of Hinds County, Mississippi. Thereafter, on June 7, 1967, the Hinds County Youth Court attempted to issue summons for April Adams; Mrs. Walter Bell, Phoenix, Arizona; and L. Dwayne Adams, Corpus Christi, Texas; requiring them to appear before the Hinds County Youth Court at nine o’clock a. m. on July 13-, 1967, “then and there to show cause if any can be shown, why April Adams should not be adjudged a neglected child and to proceed further with the hearing in this cause.”
A full hearing was had on the petition for writ of habeas corpus by the chancery court on June 14 and 15, 1967, which resulted in the decree of June 21, 1967, awarding custody to the natural mother, Mrs. Tiny Adams Bell, but staying the change of custody until December 27, 1967, when the psychiatric treatments begun by the Mental Health Clinic would be completed.
The youth court is a court of statutory and limited jurisdiction, and the facts vesting jurisdiction should be shown affirmatively. Monk, a Minor v. State, 238 Miss. 658, 116 So.2d 810 (1960); Bryant et al. v. Brown, 151 Miss. 398, 118 So. 184, 60 A.L.R. 1325 (1928).
Section 7185-05 Mississippi Code 1942 Annotated (Supp.1966) provides for the institution of proceedings in youth court in this way:
“Whenever any person informs the youth court that a child residing or be *576 ing within the county is within the purview of this act, the court may, in its discretion, make a preliminary inquiry to determine whether the interest of the child or the public require the court to take further action. During the pendency of such inquiry the judge may request the county department of public welfare or any youth counsellor to make a social investigation concerning the child and present the findings thereof to the court. Thereupon, the court may make an informal adjustment for the best interest of the child without a petition, or may authorize a petition to be filed by a youth counsellor, the county or district attorney, or any other reputable person, with the clerk of the youth court, but no child may be committed to any institution or agency except by hearing upon a petition as herein provided.
“The proceedings shall be entitled ‘In the interest of_, a child.’
“The petition shall set forth:
“(a) The name, age, sex, race, and residence of the child.
“(b) The name and residence of his parents or guardian, if known, and if not known, stating such fact.
“(c) The name and residence of the person having custody or control of the child, if such person be not a parent or guardian.
“(d) The facts which bring the child within the purview of this act.” (Emphasis added).
Apparently the order of June 1, 1966, styled “Emergency Order,” which attempted to award custody was merely “an informal adjustment.”
The youth court has original jurisdiction in all proceedings concerning any delinquent or neglected or battered child residing or being in the county. § 7185-03 Miss.Code 1942 Ann. (Supp.1966).
A “neglected child” is defined in Section 7185-02 (h) Mississippi Code 1942 Annotated (Supp.1966) as follows:
" ‘Neglected child’ means a child whose parent, guardian or custodian, or any person legally responsible for his care or support, neglects or refuses when able so to do, to provide for him proper or necessary care or support, or education as required by law, or medical, surgical or other care necessary for his well-being; or who is otherwise without proper care, custody, supervision or support; or who, for any reason, and as the result of the faults or habits of anyone, lacks the special care made necessary for him by reason of his mental condition, whether said condition be mentally defective or mentally disordered; or who, for any reason, and as the result of the faults or habits of anyone, lacks the care necessary for his health, morals or well-being; or who is found in a disreputable place, or who associates with vagrant, vicious, or immoral persons.” (Emphasis added).
Mrs. Griffin stated in her sworn petition filed in youth court that she and her husband had had the physical custody of the minor child, April Adams, since September 1, 1964, and that she and her husband had cared for the child since that date. She alleged in her petition that the mental health clinic was helping her in regard to the minor child. The petition thus shows on its face that the child, April Adams, is not a neglected child, that the child is receiving all the psychiatric treatment required or needed, and that she in nowise fits the definition of a neglected child contained in the Youth Court Act. Mrs. Griffin places herself in the untenable position of charging neglect while the child was in her physical custody, and thus attempting to take advantage of her own wrong.
Of course, she contradicts herself in her own sworn petition by stating that the child is receiving the psychiatric treatment needed. Thus the only ground upon which the neglected child allegation could be *577 based was actually negatived by the petitioner herself.
The chancellor was correct in finding that the Hinds County Youth Court did not have jurisdiction of this case, and was correct in proceeding to hear the case fully on the petition for writ of habeas corpus. The chancellor further found that the minor child, April Adams, had not been abandoned by her mother, and that while her mother had undergone psychiatric treatment in the past, that her condition had improved and she was now a fit and proper person to have the custody of her minor child.
The chancellor’s decision was amply supported by the evidence, and his decision is, therefore, affirmed.
Affirmed.
ETHRIDGE, C. J., and JONES, PATTERSON, and INZER, JJ., concur.