943 So.2d 1280 (2006)
In the Interest of D.S.
No. 2005-CA-01381-SCT.
Supreme Court of Mississippi.
December 7, 2006.
Darnell Felton, attorney for appellant.
C. Kent Haney, Clarksdale, attorney for appellee.
Before COBB, P.J., CARLSON and DICKINSON, JJ.
COBB, Presiding Justice, for the Court.
¶ 1. This appeal comes from the dismissal of a petition charging D.S., a minor, with delinquency. The Coahoma County Youth Court, presided over by special judge Mills E. Barbee, appointed to hear the case due to the recusal of the regular youth court judge, concluded the youth court was without exclusive original jurisdiction to proceed on the charge filed against D.S. and dismissed without further elaboration. On appeal D.S. asserts that the judgment was erroneous because the charge filed against him, pursuant to the statutory rape statute, Miss.Code Ann. Section 97-3-65 (Rev. 2006), excludes a life sentence for individuals under eighteen years of age, and therefore the youth court did have exclusive *1281 original jurisdiction. This argument is contrary to established precedent, and thus we affirm the youth court's decision.

FACTS
¶ 2. D.S., then sixteen years of age, was arrested on April 2, 2003, and charged with fondling J.M., a three-year-old female. Clarksdale Police Investigator Robbie Linley contacted the youth court judge who instructed him to release D.S. into the custody of his mother and to issue an intake date. Following those instructions, an intake proceeding was scheduled for April 7, 2003. D.S., his mother and father met with the intake counselor, Trip Webster, on that date. However, for reasons not provided in the record, the matter then was dormant for one and half years.
¶ 3. On November 30, 2004, a Coahoma County grand jury indicted D.S. for "unlawfully, wilfully and feloniously engag[ing] in sexual penetration with [J.M.], a female child under the age of fourteen (14) years and [D.S.] was twenty-four (24) months older than [J.M]." The title, at the top of the indictment, was titled "Sexual Battery MCA Section 97-3-95(1)(d)." On December 7, 2004, D.S. filed a Motion to Dismiss and Transfer in the Coahoma County Circuit Court, seeking to return the matter to the youth court. Other than the indictment, the only part of the circuit court record is contained in the record before this Court is the detailed Order of the Circuit Judge, in which he concluded that "[t]his Court will dismiss without prejudice in the Circuit Court and transfer the entire cause to the Youth Court of Coahoma County, Mississippi, for such appropriate proceedings as the Youth Court might determine to be appropriate." He further ordered that the documents be sent to the Youth Court, and all records of the Circuit Court should be expunged.
¶ 4. On February 1, 2005, the Youth Court prosecutor filed a two-paragraph Petition which stated that D.S. was a delinquent child within the meaning of the Youth Court Act, in that he "did willfully, unlawfully and feloniously commit sexual battery on J.M, a child under the age of 14 and 24 months younger than D.S., in violation of Section 97-3-65(1)(b)[sic][1] of the Mississippi Code Annotated." Simultaneously, a one-sentence Motion to Transfer back to the circuit court was filed against D.S. in youth court.
¶ 5. The youth court heard brief initial testimony and arguments on the petition and motion to transfer on February 18, 2005, after the judge announced that he needed additional time for research in light of his concerns about "these charges and about the circumstances surrounding this Petition." Since the parties and witnesses were present, their testimony was heard. Officer Linley testified with regard to the arrest and his call to the youth court judge. His copy of the juvenile arrest report, which reflected the charge of fondling and the scheduling of the intake meeting, was admitted without objection. The youth court file also contained the court's copy of the report upon which handwritten notes were jotted in several places. D.S.'s mother testified that D.S. had been released into her custody, and that she, her husband, and D.S. met with youth court counselor Trip Webster three or four days after the arrest, although she could not remember the exact date. There were no questions asked of her about the specifics of that meeting. D.S.'s father was also present to testify, but the attorneys stipulated that his testimony would *1282 be substantially similar to hers. At that point, the prosecutor advised the court that he would like to talk with Webster, and since he was no longer in the area, would try to call him to find out more about the alleged meeting. The court agreed, and asked the prosecutor to advise counsel opposite as to what he learned, and he would then return to hear the case.
¶ 6. The hearing was reconvened on June 8, 2005, at which time the court announced that the issue of whether the youth court has jurisdiction would be addressed before briefs were submitted. He then recited and explained the statutes he found to be applicable, and concluded "[i]t seems to me the Circuit Court would have jurisdiction of the offense and then be guided by the punishment only if the person who is convicted is age 13 to 15[sic] is not in this jurisdiction." He then allowed the attorneys to proceed with their argument in response to his position. D.S.'s Motion to Dismiss and Transfer and the indictment, both from the Circuit Court hearing, were admitted into the youth court record. On June 28, 2005, the youth court entered its order, finding that the petition "is hereby dismissed for the lack of exclusive original jurisdiction." It was silent as to any further proceedings.

ANALYSIS
¶ 7. In reviewing questions of law, this Court proceeds de novo. Sykes v. State, 757 So.2d 997, 999 (Miss.2000) (citing Ellis v. Anderson Tully Co., 727 So.2d 716, 718 (Miss.1998); Cummings v. Benderman, 681 So.2d 97, 100 (Miss.1996)). The first question this Court must consider is under which criminal statute, sexual battery or statutory rape, the analysis should be performed. The petition, briefs and order of the youth court state that D.S. committed sexual battery, although the petition cited the statutory rape statute, Miss.Code Ann. § 97-3-65(1)(b) The earlier circuit court indictment was clearly brought under the sexual battery statute, Miss.Code Ann. § 97-3-95(1)(d).[2]
¶ 8. The youth court addressed this issue in his order, stating:
The Youth Court Prosecutor alleged [D.S.] to be a delinquent child as defined by the Mississippi Youth Court Act alleging that "on or about the 2nd day of April, 2003, [D.S.] did willfully, unlawfully and feloniously commit sexual battery on J.M., a child under the age of 14 and 24 months younger than [D.S.] in violation of Section 97-3-65(1)(b) of the Mississippi Code Annotated." That statute charges statutory rape. And, although the charge in the Petition herein alleges the act of sexual battery in violation of the statutory rape penal code section, there is no issue before the Court thereon.
Since neither party raised the discrepancy in their briefs and it does not ultimately affect the outcome, we proceed under Miss.Code.Ann. Section 97-3-65(1)(b) (statutory rape).
¶ 9. Where the youth court has exclusive original jurisdiction, juveniles may not be tried as adults in circuit court unless the youth court, in its own discretion, decides to "transfer jurisdiction of the alleged offense or a lesser included offense to the criminal court which would have trial jurisdiction of such offense if committed by an adult." Blue v. State, 674 So.2d *1283 1184, 1230 (Miss.1996), overruled on other grounds, by King v. State, 784 So.2d 884 (Miss.2001). By statute the youth court has exclusive original jurisdiction as follows:
(1) The youth court shall have exclusive original jurisdiction in all proceedings concerning a delinquent child, a child in need of supervision, a neglected child, an abused child or a dependent child except in the following circumstances: (a) Any act attempted or committed by a child, which if committed by an adult would be punishable under state or federal law by life imprisonment or death, will be in the original jurisdiction of the circuit court.
Miss.Code Ann. Section 43-21-151 (emphasis added). This Court has long recognized that "when a juvenile is charged with an offense carrying a potential life sentence, such as rape or murder, jurisdiction is vested exclusively in the circuit court and the Youth Court Act is inapplicable." Smith v. State, 534 So.2d 194, 196 (Miss. 1988), citing Johnson v. State, 512 So.2d 1246, 1250 (Miss.1987). See also Winters v. State, 473 So.2d 452 (Miss.1985). Therefore, the determinative question is whether an adult, could possibly be sentenced to life in prison for committing the act allegedly committed by D.S.
¶ 10. The sentences to which a person is exposed, if convicted under section (1)(b) of the rape of a child who is under age 14, and is 24 months younger than the person, are codified in Miss.Code Ann. Section 97-3-65(3)(c) & (d), which provides:
(c) If eighteen (18) years of age or older and convicted under paragraph (1)(b) of this section, to imprisonment for life in the State Penitentiary or such lesser term of imprisonment as the court may determine, but not less than twenty (20) years.
(d) If thirteen (13) years of age or older but under eighteen (18) years of age and convicted under (1)(a) or (1)(b) of this section, such imprisonment, fine or other sentence as the court, in its discretion, may determine.
In sentencing a criminal defendant, their age at the time the crime was committed is used, not their age at the time of trial. Foster v. State, 639 So.2d 1263, 1293 (Miss. 1994). Therefore, when the trial court sentences an individual who is under the age of eighteen but older than thirteen for violation of. Miss.Code Ann. 97-3-65(1)(b), the court would use Miss.Code Ann. 97-3-65(3)(d). However, this is not the same provision which vests jurisdiction.
¶ 11. The only determination necessary to vest original jurisdiction over a juvenile in the circuit court is whether an adult who committed the same offense would be exposed to death or life imprisonment. The potential life sentence is the determinative factor. The actual sentence imposed by the trial court is irrelevant. Johnson, 512 So.2d at 1250, citing Williams v. State, 459 So.2d 777 (Miss. 1984) (once jurisdiction is acquired it cannot be lost by the punishment imposed on the juvenile). In the present case the relevant sentencing provision is Miss.Code Ann. 97-3-65(3)(c) which clearly provides for the possibility of life imprisonment for an adult found guilty of statutory rape. The same analysis and determination is true for sexual battery cases brought under section 97-3-95(1)(d) and sentenced under section 97-3-101(4).[3] Therefore, we *1284 conclude that the Coahoma County youth court was correct in simply dismissing the petition before it for lack of exclusive original jurisdiction of the charge filed against D.S.

CONCLUSION
¶ 12. The youth court lacked jurisdiction over D.S. because he was charged with statutory rape, which if committed by an adult carries the possibility of sentencing to life imprisonment. The actual sentence D.S. might eventually receive because of his age is irrelevant. We affirm the youth court's decision.
¶ 13. AFFIRMED.
SMITH, C.J., WALLER, P.J., EASLEY CARLSON, AND RANDOLPH, JJ., CONCUR. DICKINSON, J., SPECIALLY CONCURS WITH SEPARATE WRITTEN OPINION JOINED BY WALLER, P.J., AND CARLSON, J. RANDOLPH, J., JOINS IN PART. DIAZ J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY GRAVES, J.
DICKINSON, Justice, Dissenting:
¶ 14. My view is that the majority has arrived at the right result without providing a complete analysis of the relevant statutes, leaving the incorrect impression that the circuit judge had no authority to transfer this case to the youth court. The circuit judge, relying on Miss.Code Ann. Section 43-21-159 (Rev.2006), transferred this case to youth court. The statute states:
(1) When a person appears before a court other than the youth court, and it is determined that the person is a child under jurisdiction of the youth court, such court shall, unless the jurisdiction of the offense has been transferred to such court as provided in this chapter, or unless the child has previously been the subject of a transfer from the youth court to the circuit court for trial as an adult and was convicted, immediately dismiss the proceeding without prejudice and forward all documents pertaining to the cause to the youth court.
¶ 15. As the majority explains, the judge's order stated that "[t]his Court will dismiss without prejudice in the Circuit Court and transfer the entire cause to the Youth Court of Coahoma County, Mississippi, for such appropriate proceedings as the Youth Court might determine to be appropriate." The judge further ordered all documents be sent to the youth court and records of the circuit court be expunged.
¶ 16. However, the judge ignored Section 43-21-159(3) which provides; "[n]othing in subsection (1) or (2) shall apply to a youth who has a pending charge or a conviction for any crime over which circuit court has original jurisdiction." (Emphasis added). Because of this provision, subsection (1) did not apply. The majority correctly concludes that the circuit court has original jurisdiction over D.S. for the specific charges of sexual battery or statutory rape in this case, and that the circuit judge improperly transferred the case based on language found in Section 43-21-159(1) and (3).
¶ 17. My concern is that the majority leaves the incorrect impression that the *1285 circuit judge had no authority to transfer the case. The circuit judge could have transferred the case to youth court under subsection (4) of Section 43-21-159, which requires a specific finding that such transfer was in the best interests of D.S. and in the interest of justice. The relevant subsection provides:
(4) In any case wherein the defendant is a child as defined in this chapter and of which the circuit court has original jurisdiction, the circuit judge, upon a finding that it would be in the best interest of such child and in the interest of justice, may at any stage of the proceedings prior to the attachment of jeopardy transfer such proceedings to the youth court for further proceedings unless the child has previously been the subject of a transfer from the youth court to the circuit court for trial as an adult and was convicted or has previously been convicted of a crime which was in original circuit court jurisdiction, and the youth court shall, upon acquiring jurisdiction, proceed as provided in this chapter for the adjudication and disposition of delinquent child proceeding proceedings.
Miss.Code Ann. § 43-21-159(4) (emphasis added). However, because no such finding was made or even implied by the circuit judge, the transfer was improper.
¶ 18. I believe the above clarification of the requirements of the individual subsections of Miss.Code Ann. Section 43-21-159 is necessary to prevent the mistaken impression that a circuit judge has no authority to transfer such cases to the youth court. Because the majority overlooks this analysis, I provide this concurring opinion.
WALLER, P.J., AND CARLSON, J., JOIN THIS OPINION. RANDOLPH, J., JOINS THIS OPINION IN PART.
DIAZ, Justice, Dissenting:
¶ 19. Because jurisdiction was properly vested in the youth court after transfer from the circuit court and because youth courts have original jurisdiction over minors charged with statutory rape, I must respectfully dissent.
¶ 20. For clarification, the facts are as follows: D.S. was arrested and charged in youth court with fondling on April 2, 2003. However, the youth court prosecutor never brought a delinquency petition on this charge. Nineteen months later, the district attorney brought another case against D.S. for the same incident in circuit court, but for sexual battery. The circuit court then transferred the sexual battery case to youth court. After transfer, the youth prosecutor filed a petition charging D.S. with a third crime, statutory rape. The youth court subsequently dismissed the case on the grounds that it did "not have jurisdiction of the charge."
¶ 21. Three different charges have been brought against D.S., and it has now been three and a half years since the defendant was first arrested. Unfortunately, the record is incomplete, making it nearly impossible to unscramble this procedural debacle. At the youth court hearing on the statutory rape charge, D.S. presented evidence that a youth court judge had disposed of the case. The youth court prosecutor disputed this claim but presented no evidence in support. There is no order in the record addressing the fondling charges as required by Miss.Code Ann. § 43-21-357.[4] Additionally, there is no evidence *1286 that the youth court held a transfer hearing on the original charges. Because the charges were originally brought in youth court, Miss.Code Ann. § 43-21-157 requires a bifurcated transfer hearing before a juvenile may be tried in circuit court. See Buck v. State, 838 So.2d 256, 259-60 (Miss.2003) (youth court could not transfer case to circuit court without bifurcated hearing and specific statutory findings under Section 43-21-157).[5]
¶ 22. Also of note is the State's reluctance to participate in appeal of the matter. Our case law permits the State to appeal a decision to transfer a case from circuit court to youth court. State v. U.G., 726 So.2d 151 (Miss.1998). No such appeal was filed after the transfer order from the circuit court. Additionally, the record contains correspondence between the youth prosecutor and the Attorney General's office indicating that the youth prosecutor was unwilling to handle the appeal. A December 6, 2005, letter from the Attorney General's office to the prosecutor, demanding the prosecutor craft the appeal, states, "you were of the opinion that appellate work is neither a statutory mandate nor a part of the Youth Court Prosecutor's job description and that the Office of the Attorney General should handle the youth court appellate work." Again, on February 27, 2006, the Office of the Attorney General wrote, "[y]ou also stated during our October 28, 2005 phone conversation, `. . . that if the Attorney General's office doesn't handle the appeal then it just ain't going to get done because I'm not doing it.'" Finally, after the Supreme Court Clerk entered a show cause notice against the youth prosecutor for failure to file a brief, the prosecutor filed a meager two and a half page brief, with only one page devoted to legal arguments.
I. THE CASE WAS PROPERLY TRANSFERRED TO YOUTH COURT.
¶ 23. The majority holds that the circuit court had original jurisdiction, but original does not mean exclusive. Even if the circuit court has original jurisdiction over juveniles charged with statutory rape, a youth court may not refuse to hear a case transferred from the circuit court. The statute clearly states, "the youth court shall, upon acquiring jurisdiction, proceed as provided in this chapter for the adjudication and disposition of delinquent child proceeding proceedings." Miss.Code Ann. § 43-21-159. "Simply stated, `shall' is mandatory." Pitalo v. GPCH-GP, Inc., 933 So.2d 927, 929 (Miss.2006) (citing *1287 Franklin v. Franklin, 858 So.2d 110, 114 (Miss.2003)).
¶ 24. Once the circuit court order was entered, the youth court had acquired jurisdiction over the case. As a court of lesser jurisdiction, a youth court does not have discretion to dismiss a case once it has been transferred to its jurisdiction by a circuit court. See Helmert v. Biffany, 842 So.2d 1287, 1290 (Miss.2003) (both chancery and youth courts have jurisdiction over the adjudication of minors, however, youth court jurisdiction is limited to specifically delineated matters); Griffin v. Bell, 215 So.2d 573, 575 (Miss.1968) ("The youth court is a court of statutory and limited jurisdiction."). Accordingly, the youth court erred in dismissing this case.
II. THE YOUTH COURT HAS ORIGINAL JURISDICTION.
¶ 25. The majority incorrectly finds that circuit courts have original jurisdiction over juveniles charged with statutory rape. This is a case of first impression as this Court has never determined whether circuit courts have original jurisdiction over juveniles charged with sex crimes after the 1989 amendment to the Youth Court Act. The first version of the statute conferring original jurisdiction upon the circuit court read: "the circuit court shall have exclusive jurisdiction of such child if he be charged with any crime which, upon conviction, is punishable by life imprisonment or death." Miss.Code Ann. § 43-21-31 (1972) (emphasis supplied). In 1989, the Legislature amended the jurisdictional statute to state that the circuit court has original jurisdiction where "any act attempted or committed by a child, which if committed by an adult would be punishable under state or federal law by life imprisonment or death, will be in the original jurisdiction of the circuit court." Miss. Code Ann. § 43-21-151 (1989) (emphasis supplied).
¶ 26. This amendment came immediately after the United States Supreme Court held that it was a violation of the Eighth Amendment's prohibition against cruel and unusual punishment to sentence juveniles under the age of sixteen to death. Thompson v. Oklahoma, 487 U.S. 815, 108 S.Ct. 2687, 101 L.Ed.2d 702 (1988). In light of the Thompson decision, it made sense for the Legislature to amend the jurisdictional statute. In doing so, however, an ambiguity arose with regard to juveniles charged with sex crimes.
¶ 27. Sex crimes are unique in that the Legislature has specifically delineated separate levels of punishment depending on the defendant's age. Miss Code Ann. §§ 97-3-101 and 97-3-65. While adults may receive up to life imprisonment, the Legislature has left it up to the court's discretion to determine the appropriate punishment for juveniles. However, if the circuit court has original jurisdiction over sex crimes involving juveniles, as the majority holds, then this discretion is rendered void. The code provides that where the circuit court has original jurisdiction, and the case is not transferred, then "the trial judge shall sentence the youth as though such youth was an adult." Miss. Code Ann. § 43-21-159. Therefore, with regard to sex crimes, either the jurisdictional statute is valid, or the penal statutes are valid.
¶ 28. Because the jurisdictional statute is ambiguous with regard to sex crimes committed by juveniles, it is necessary to determine legislative intent. "Whether the statute is ambiguous, or not, the ultimate goal of this Court in interpreting a statute is to discern and give effect to the legislative intent." City of Natchez v. Sullivan, 612 So.2d 1087, 1089 (Miss.1992) (internal citations omitted).
*1288 ¶ 29. First, the majority opinion overrules a Court of Appeals case on this very issue, yet it does so in a footnote claiming that the finding is "dicta." The finding of the Court of Appeals was not dicta and was critical to the outcome: "[T]he circuit court had original jurisdiction over the kidnapping and capital murder charges, while the youth court had exclusive jurisdiction over the burglary and sexual battery charges." Biggs v. State, 741 So.2d 318, 331-32 (Miss.Ct.App.1999) (emphasis supplied). Though not binding on this Court, the Biggs decision certainly constitutes persuasive precedent.
¶ 30. Second, "[a]ll doubt must be resolved in favor of the validity of a statute." Univ. of Miss. Med. Ctr. v. Robinson, 876 So.2d 337, 339-40 (Miss.2004) (citing Loden v. Miss. Pub. Serv. Comm'n, 279 So.2d 636, 640 (Miss.1973)). "It is our duty to support a construction which would purge the legislative purpose of any invalidity, absurdity or unjust inequality." City of Jackson v. Lakeland Lounge of Jackson, Inc., 688 So.2d 742, 747 (Miss.1996) (citing Robertson v. Tex. Oil Co., 141 Miss. 356, 362, 106 So. 449 (1925)). Read in pari materia with the penal statute, the jurisdictional statute should not apply to juveniles charged with sex crimes. Such an interpretation preserves the validity of both statutes as required by our rules of statutory interpretation.
¶ 31. Finally, this interpretation is consistent with this Court's longstanding practice of interpreting criminal statutes in favor of the defendant. Murray v. State, 266 So.2d 139, 141 (Miss.1972) (citing Johns v. State, 255 So.2d 322 (Miss.1971); Berry v. State, 212 Miss. 164, 54 So.2d 222 (1951)). This is particularly important when the interests of juveniles are involved. Quite simply,
[T]he youth court is better situated to make decisions regarding the interest of the juvenile, as is reflected by the Legislature's reference to the youth court within Miss.Code Ann. § 43-21-157(5); the circuit court does not have the facilities to evaluate juvenile interests. If the circuit court always makes the decision on whether a case should be transferred to the youth court, the role of the youth court is then severely diminished. In effect, the district attorney will be deciding whether a youthful offender will be prosecuted as an adult or a juvenile.
State v. U.G., 726 So.2d at 160 (McRae, J. dissenting, joined by Sullivan, P.J., & Banks, J.).
¶ 32. In light of the above, the interests of the child require that we err on the side of caution and interpret the statutes as giving original jurisdiction to youth courts. The legislature intended the court to use its discretion when determining punishment, and the youth court is best suited for this endeavor. The youth court may then make the appropriate determination under Miss.Code Ann. § 43-21-157 whether to transfer the case or retain jurisdiction.
¶ 33. For the foregoing reasons, I would reverse and remand for further proceedings in the youth court.
GRAVES, J., JOINS THIS OPINION.
NOTES
[1] The petition originally stated the sexual battery code section, but the numbers were marked through (without initials) and the handwritten statutory rape numbers were inserted, without any corresponding change in the name of the stated crime.
[2] Although it is not discussed in either the youth court order or the circuit court order, we note that the original charge on the arrest report was fondling, which is yet another in the confusing assortment of "sex crimes" found in the Miss.Code. Apparently the circuit court had some testimony before it as to the details of D.S.'s actions against J.M., but all that we know from the court's order is that she was a three-year-old female.
[3] This is the point at which the circuit court erred in its decision to transfer D.S.'s sexual battery case to the youth court. In its thorough and detailed order, the circuit court erred only in its finding that "a sentence of life imprisonment is only available if the perpetrator was over the age of eighteen (18) at the time of the alleged act", relying on Biggs v. State, 741 So.2d 318 (Miss.Ct.App. 1999), which stated incorrectly, in dicta, "the youth court had exclusive jurisdiction over the burglary and sexual battery charges", which implies that section (4) of the sexual battery penalty statute, on its face, is the only sentence which can be imposed on a person who shall be convicted of sexual battery who is thirteen (13) years of age or older but under eighteen (18) years of age.
[4] (1) After receiving a report, the youth court intake unit shall promptly make a preliminary inquiry to determine whether the interest of the child, other children in the same environment or the public requires the youth court to take further action. . . . If it appears from the preliminary inquiry that the child or other children in the same environment are within the jurisdiction of the court, the youth court intake unit shall recommend to the youth court:

(a) That the youth court take no action;
(b) That an informal adjustment be made;
(c) The Department of Human Services, Division of Family and Children Services, monitor the child, family and other children in the same environment;
(d) That the child is warned or counseled informally; or
(e) That a petition be filed.
(2) The youth court shall then, without a hearing:
(a) Order that no action be taken;
(b) Order that an informal adjustment be made;
(c) Order that the Department of Human Services, Division of Family and Children Services, monitor the child, family and other children in the same environment;
(d) Order that the child is warned or counseled informally; or
(e) Order that a petition be filed.
Miss.Code Ann. § 43-21-357.
[5] D.S. raised the issue of double jeopardy at the hearing and in his brief to this Court. In Breed v. Jones, 421 U.S. 519, 95 S.Ct. 1779, 44 L.Ed.2d 346 (1975), the Supreme Court recognized that double jeopardy applied to youth court proceedings. Unfortunately, the record does not reveal the outcome of the original charges.