COBB, Presiding Justice, for the Court.
¶ 1. This appeal comes from the dismissal of a petition charging D.S., a minor, with delinquency. The Coahoma County Youth Court, presided over by special judge Mills E. Barbee, appointed to hear the case due to the recusal of the regular youth court judge, concluded the youth court was without exclusive original jurisdiction to proceed on the charge filed against D.S. and dismissed without further elaboration. On appeal D.S. asserts that the judgment was erroneous because the charge filed against him, pursuant to the statutory rape statute, Miss.Code Ann. Section 97-3-65 (Rev. 2006), excludes a life sentence for individuals under eighteen years of age, and therefore the youth court did have exclusive *1281 original jurisdiction. This argument is contrary to established precedent, and thus we affirm the youth court’s decision.
FACTS
¶ 2. D.S., then sixteen years of age, was arrested on April 2, 2003, and charged with fondling J.M., a three-year-old female. Clarksdale Police Investigator Robbie Linley contacted the youth court judge who instructed him to release D.S. into the custody of his mother and to issue an intake date. Following those instructions, an intake proceeding was scheduled for April 7, 2003. D.S., his mother and father met with the intake counselor, Trip Webster, on that date. However, for reasons not provided in the record, the matter then was dormant for one and half years.
¶ 3. On November 30, 2004, a Coahoma County grand jury indicted D.S. for “unlawfully, wilfully and feloniously engaging] in sexual penetration with [J.M.], a female child under the age of fourteen (14) years and [D.S.] was twenty-four (24) months older than [J.M].” The title, at the top of the indictment, was titled “Sexual Battery MCA Section 97-3-95(l)(d).” On December 7, 2004, D.S. filed a Motion to Dismiss and Transfer in the Coahoma County Circuit Court, seeking to return the matter to the youth court. Other than the indictment, the only part of the circuit court record is contained in the record before this Court is the detailed Order of the Circuit Judge, in which he concluded that “[t]his Court will dismiss without prejudice in the Circuit Court and transfer the entire cause to the Youth Court of Coahoma County, Mississippi, for such appropriate proceedings as the Youth Court might determine to be appropriate.” He further ordered that the documents be sent to the Youth Court, and all records of the Circuit Court should be expunged.
¶ 4. On February 1, 2005, the Youth Court prosecutor filed a two-paragraph Petition which stated that D.S. was a delinquent child within the’ meaning of the Youth Court Act, in that he “did willfully, unlawfully and feloniously commit sexual battery on J.M, a child under the age of 14 and 24 months younger than D.S., in violation of Section 97 — 3—65(l)(b)[sic][1] of the Mississippi Code Annotated.” Simultaneously, a one-sentence Motion to Transfer back to the circuit court was filed against D.S. in youth court.
¶ 5. The youth court heard brief initial testimony and arguments on the petition and motion to transfer on February 18, 2005, after the judge announced that he needed additional time for research in light of his concerns about “these charges and about the circumstances surrounding this Petition.” Since the parties and witnesses were present, their testimony was heard. Officer Linley testified with regard to the arrest and his call to the youth court judge. His copy of the juvenile arrest report, which reflected the charge of fondling and the scheduling of the intake meeting, was admitted without objection. The youth court file also contained the court’s copy of the report upon which handwritten notes were jotted in several places. D.S.’s mother testified that D.S. had been released into her custody, and that she, her husband, and D.S. met with youth court counselor Trip Webster three or four days after the arrest, although she could not remember the exact date. There were no questions asked of her about the specifics of that meeting. D.S.’s father was also present to testify, but the attorneys stipulated that his testimony would *1282 be substantially similar to hers. At that point, the prosecutor advised the court that he would like to talk with Webster, and since he was no longer in the area, would try to call him to find out more about the alleged meeting. The court agreed, and asked the prosecutor to advise counsel opposite as to what he learned, and he would then return to hear the case.
¶ 6. The hearing was reconvened on June 8, 2005, at which time the court announced that the issue of whether the youth court has jurisdiction would be addressed before briefs were submitted. He then recited and explained the statutes he found to be applicable, and concluded “[i]t seems to me the Circuit Court would have jurisdiction of the offense and then be guided by the punishment only if the person who is convicted is age 13 to 15[sic] is not in this jurisdiction.” He then allowed the attorneys to proceed with their argument in response to his position. D.S.’s Motion to Dismiss and Transfer and the indictment, both from the Circuit Court hearing, were admitted into the youth court record. On June 28, 2005, the youth court entered its order, finding that the petition “is hereby dismissed for the lack of exclusive original jurisdiction.” It was silent as to any further proceedings.
ANALYSIS
¶ 7. In reviewing questions of law, this Court proceeds de novo. Sykes v. State, 757 So.2d 997, 999 (Miss.2000) (citing Ellis v. Anderson Tully Co., 727 So.2d 716, 718 (Miss.1998); Cummings v. Benderman, 681 So.2d 97, 100 (Miss.1996)). The first question this Court must consider is under which criminal statute, sexual battery or statutory rape, the analysis should be performed. The petition, briefs and order of the youth court state that D.S. committed sexual battery, although the petition cited the statutory rape statute, Miss.Code Ann. § 97 — 3—65(l)(b) The earlier circuit court indictment was clearly brought under the sexual battery statute, Miss.Code Ann. § 97 — 3—95(l)(d).[2]
¶ 8. The youth court addressed this issue in his order, stating:
The Youth Court Prosecutor alleged [D.S.] to be a delinquent child as defined by the Mississippi Youth Court Act alleging that “on or about the 2nd day of April, 2003, [D.S.] did willfully, unlawfully and feloniously commit sexual battery on J.M., a child under the age of 14 and 24 months younger than [D.S.] in violation of Section 97 — 3—65(l)(b) of the Mississippi Code Annotated.” That statute charges statutory rape. And, although the charge in the Petition herein alleges the act of sexual battery in violation of the statutory rape penal code section, there is no issue before the Court thereon.
Since neither party raised the discrepancy in their briefs and it does not ultimately affect the outcome, we proceed under Miss.Code.Ann. Section 97 — 3—65(l)(b) (statutory rape).
¶ 9. Where the youth court has exclusive original jurisdiction, juveniles may not be tried as adults in circuit court unless the youth court, in its own discretion, decides to “transfer jurisdiction of the alleged offense or a lesser included offense to the criminal court which would have trial jurisdiction of such offense if committed by an adult.” Blue v. State, 674 So.2d *1283 1184, 1230 (Miss.1996), overruled, on other grounds, by King v. State, 784 So.2d 884 (Miss.2001). By statute the youth court has exclusive original jurisdiction as follows:
(1) The youth court shall have exclusive original jurisdiction in all proceedings concerning a delinquent child, a child in need of supervision, a neglected child, an abused child or a dependent child except in the following circumstances: (a) Any act attempted or committed by a child, which if committed by an adult would be punishable under state or federal law by life imprisonment or death, will be in the original jurisdiction of the circuit court.
Miss.Code Ann. Section 43-21-151 (emphasis added). This Court has long recognized that “when a juvenile is charged with an offense carrying a potential life sentence, such as rape or murder, jurisdiction is vested exclusively in the circuit court and the Youth Court Act is inapplicable.” Smith v. State, 534 So.2d 194, 196 (Miss.1988), citing Johnson v. State, 512 So.2d 1246, 1250 (Miss.1987). See also Winters v. State, 473 So.2d 452 (Miss.1985). Therefore, the determinative question is whether an adult, could possibly be sentenced to life in prison for committing the act allegedly committed by D.S.
¶ 10. The sentences to which a person is exposed, if convicted under section (l)(b) of the rape of a child who is under age 14, and is 24 months younger than the person, are codified in Miss.Code Ann. Section 97 — 3—65(3)(c) & (d), which provides:
(c) If eighteen (18) years of age or older and convicted under paragraph (l)(b) of this section, to imprisonment for life in the State Penitentiary or such lesser term of imprisonment as the court may determine, but not less than twenty (20) years.
(d) If thirteen (13) years of age or older but under eighteen (18) years of age and convicted under (l)(a) or (l)(b) of this section, such imprisonment, fíne or other sentence as the court, in its discretion, may determine.
In sentencing a criminal defendant, their age at the time the crime was committed is used, not their age at the time of trial. Foster v. State, 639 So.2d 1263, 1293 (Miss.1994). Therefore, when the trial court sentences an individual who is under the age of eighteen but older than thirteen for violation of. Miss.Code Ann. 97-3-65(l)(b), the court would use Miss.Code Ann. 97-3-65(3)(d). However, this is not the same provision which vests jurisdiction.
¶ 11. The only determination necessary to vest original jurisdiction over a juvenile in the circuit court is whether an adult who committed the same offense would be exposed to death or life imprisonment. The potential life sentence is the determinative factor. The actual sentence imposed by the trial court is irrelevant. Johnson, 512 So.2d at 1250, citing Williams v. State, 459 So.2d 777 (Miss.1984) (once jurisdiction is acquired it cannot be lost by the punishment imposed on the juvenile). In the present case the relevant sentencing provision is Miss.Code Ann. 97-3-65(3)(c) which clearly provides for the possibility of life imprisonment for an adult found guilty of statutory rape. The same analysis and determination is true for sexual battery cases brought under section 97 — 3—95(l)(d) and sentenced under section 97 — 3—101(4).[3] Therefore, we *1284 conclude that the Coahoma County youth court was correct in simply dismissing the petition before it for lack of exclusive original jurisdiction of the charge filed against D.S.
CONCLUSION
¶ 12.. The youth court lacked jurisdiction over D.S. because he was charged with statutory rape, which if committed by an adult carries the possibility of sentencing to life imprisonment. The actual sentence D.S. might eventually receive because of his age is irrelevant. We affirm the youth court’s decision.
¶ 13. AFFIRMED.
SMITH, C.J., WALLER, P.J., EASLEY CARLSON, AND RANDOLPH, JJ„ CONCUR. DICKINSON, J., SPECIALLY CONCURS WITH SEPARATE WRITTEN OPINION JOINED BY WALLER, P.J., AND CARLSON, J. RANDOLPH, J., JOINS IN PART. DIAZ J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY GRAVES, J.

. The petition originally stated the sexual battery code section, but the numbers were marked through (without initials) and the handwritten statutory rape numbers were inserted, without any corresponding change in the name of the stated crime.

. Although it is not discussed in either the youth court order or the circuit court order, we note that the original charge on the arrest report was fondling, which is yet another in the confusing assortment of "sex crimes” found in the Miss.Code. Apparently the circuit court had some testimony before it as to the details of D.S.'s actions against J.M., but all that we know from the court's order is that she was a three-year-old female.

. This is the point at which the circuit court erred in its decision to transfer D.S.'s sexual battery case to the youth court. In its thorough and detailed order, the circuit court erred only in its finding that “a sentence of life imprisonment is only available if the *1284 perpetrator was over the age of eighteen (18) at the time of the alleged act”, relying on Biggs v. State, 741 So.2d 318 (Miss.Ct.App. 1999), which stated incorrectly, in dicta, "the youth court had exclusive jurisdiction over the burglary and sexual battery charges”, which implies that section (4) of the sexual battery penalty statute, on its face, is the only sentence which can be imposed on a person who shall be convicted of sexual battery who is thirteen (13) years of age or older but under eighteen (18) years of age.