DIAZ, Justice,
Dissenting:
¶ 19. Because jurisdiction was properly vested in the youth court after transfer from the circuit court and because youth courts have original jurisdiction over minors charged with statutory rape, I must respectfully dissent.
¶ 20. For clarification, the facts are as follows: D.S. was arrested and charged in youth court with fondling on April 2, 2003. However, the youth court prosecutor never brought a delinquency petition on this charge. Nineteen months later, the district attorney brought another case against D.S. for the same incident in circuit court, but for sexual battery. The circuit court then transferred the sexual battery case to youth court. After transfer, the youth prosecutor filed a petition charging D.S. with a third crime, statutory rape. The youth court subsequently dismissed the case on the grounds that it did “not have jurisdiction of the charge.”
¶ 21. Three different charges have been brought against D.S., and it has now been three and a half years since the defendant was first arrested. Unfortunately, the record is incomplete, making it nearly impossible to unscramble this procedural debacle. At the youth court hearing on the statutory rape charge, D.S. presented evidence that a youth court judge had disposed of the ease. The youth court prosecutor disputed this claim but presented no evidence in support. There is no order in the record addressing the fondling charges as required by Miss.Code Ann. § 43-21-357.[4] Additionally, there is no evidence *1286 that the youth court held a transfer hearing on the original charges. Because the charges were originally brought in youth court, Miss.Code Ann. § 43-21-157 requires a bifurcated transfer hearing before a juvenile may be tried in circuit court. See Buck v. State, 838 So.2d 256, 259-60 (Miss.2003) (youth court could not transfer case to circuit court without bifurcated hearing and specific statutory findings under Section 43-21-157).[5]
¶22. Also of note is the State’s reluctance to participate in appeal of the matter. Our ease law permits the State to appeal a decision to transfer a case from circuit court to youth court. State v. U.G., 726 So.2d 151 (Miss.1998). No such appeal was filed after the transfer order from the circuit court. Additionally, the record contains correspondence between the youth prosecutor and the Attorney General’s office indicating that the youth prosecutor was unwilling to handle the appeal. A December 6, 2005, letter from the Attorney General’s office to the prosecutor, demanding the prosecutor craft the appeal, states, “you were of the opinion that appellate work is neither a statutory mandate nor a part of the Youth Court Prosecutor’s job description and that the Office of the Attorney General should handle the youth court appellate work.” Again, on February 27, 2006, the Office of the Attorney General wrote, “[y]ou also stated during our October 28, 2005 phone conversation, ‘... that if the Attorney General’s office doesn’t handle the appeal then it just ain’t going to get done because I’m not doing it.’ ” Finally, after the Supreme Court Clerk entered a show cause notice against the youth prosecutor for failure to file a brief, the prosecutor filed a meager two and a half page brief, with only one page devoted to legal arguments.
I. THE CASE WAS PROPERLY TRANSFERRED TO YOUTH COURT.
¶ 23. The majority holds that the circuit court had original jurisdiction, but original does not mean exclusive. Even if the circuit court has original jurisdiction over juveniles charged with statutory rape, a youth court may not refuse to hear a case transferred from the circuit court. The statute clearly states, “the youth court shall, upon acquiring jurisdiction, proceed as provided in this chapter for the adjudication and disposition of delinquent child proceeding proceedings.” Miss.Code Ann. § 43-21-159. “Simply stated, ‘shall’ is mandatory.” Pitalo v. GPCH-GP, Inc., 933 So.2d 927, 929 (Miss.2006) (citing *1287 Franklin v. Franklin, 858 So.2d 110, 114 (Miss.2003)).
¶ 24. Once the circuit court order was entered, the youth court had acquired jurisdiction over the case. As a court of lesser jurisdiction, a youth court does not have discretion to dismiss a case once it has been transferred to its jurisdiction by a circuit court. See Helmert v. Biffany, 842 So.2d 1287, 1290 (Miss.2003) (both chancery and youth courts have jurisdiction over the adjudication of minors, however, youth court jurisdiction is limited to specifically delineated matters); Griffin v. Bell, 215 So.2d 573, 575 (Miss.1968) (“The youth court is a court of statutory and limited jurisdiction.”). Accordingly, the youth court erred in dismissing this case.
II. THE YOUTH COURT HAS ORIGINAL JURISDICTION.
¶ 25. The majority incorrectly finds that circuit courts have original jurisdiction over juveniles charged with statutory rape. This is a case of first impression as this Court has never determined whether circuit courts have original jurisdiction over juveniles charged with sex crimes after the 1989 amendment to the Youth Court Act. The first version of the statute conferring original jurisdiction upon the circuit court read: “the circuit court shall have exclusive jurisdiction of such child if he be charged with any crime which, upon conviction, is punishable by life imprisonment or death.” Miss.Code Ann. § 43-21-31 (1972) (emphasis supplied). In 1989, the Legislature amended the jurisdictional statute to state that the circuit court has original jurisdiction where “any act attempted or committed by a child, which if committed by an adult would be punishable under state or federal law by life imprisonment or death, will be in the original jurisdiction of the circuit court.” Miss. Code Ann. § 43-21-151 (1989) (emphasis supplied).
¶ 26. This amendment came immediately after the United States Supreme Court held that it was a violation of the Eighth Amendment’s prohibition against cruel and unusual punishment to sentence juveniles under the age of sixteen to death. Thompson v. Oklahoma, 487 U.S. 815, 108 S.Ct. 2687, 101 L.Ed.2d 702 (1988). In light of the Thompson decision, it made sense for the Legislature to amend the jurisdictional statute. In doing so, however, an ambiguity arose with regard to juveniles charged with sex crimes.
¶ 27. Sex crimes are unique in that the Legislature has specifically delineated separate levels of punishment depending on the defendant’s age. Miss Code Ann. §§ 97-3-101 and 97-3-65. While adults may receive up to life imprisonment, the Legislature has left it up to the court’s discretion to determine the appropriate punishment for juveniles. However, if the circuit court has original jurisdiction over sex crimes involving juveniles, as the majority holds, then this discretion is rendered void. The code provides that where the circuit court has original jurisdiction, and the case is not transferred, then “the trial judge shall sentence the youth as though such youth was an adult.” Miss. Code Ann. § 43-21-159. Therefore, with regard to sex crimes, either the jurisdictional statute is valid, or the penal statutes are valid.
¶ 28. Because the jurisdictional statute is ambiguous with regard to sex crimes committed by juveniles, it is necessary to determine legislative intent. “Whether the statute is ambiguous, or not, the ultimate goal of this Court in interpreting a statute is to discern and give effect to the legislative intent.” City of Natchez v. Sullivan, 612 So.2d 1087, 1089 (Miss.1992) (internal citations omitted).
*1288 ¶ 29. First, the majority opinion overrules a Court of Appeals case on this very issue, yet it does so in a footnote claiming that the finding is “dicta.” The finding of the Court of Appeals was not dicta and was critical to the outcome: “[T]he circuit court had original jurisdiction over the kidnapping and capital murder charges, while the youth court had exclusive jurisdiction over the burglary and sexual battery charges.” Biggs v. State, 741 So.2d 318, 331-32 (Miss.Ct.App.1999) (emphasis supplied). Though not binding on this Court, the Biggs decision certainly constitutes persuasive precedent.
¶ 30. Second, “[a]ll doubt must be resolved in favor of the validity of a statute.” Univ. of Miss. Med. Ctr. v. Robinson, 876 So.2d 337, 339-40 (Miss.2004) (citing Loden v. Miss. Pub. Serv. Comm’n, 279 So.2d 636, 640 (Miss.1973)). “It is our duty to support a construction which would purge the legislative purpose of any invalidity, absurdity or unjust inequality.” City of Jackson v. Lakeland Lounge of Jackson, Inc., 688 So.2d 742, 747 (Miss.1996) (citing Robertson v. Tex. Oil Co., 141 Miss. 356, 362, 106 So. 449 (1925)). Read in pari materia with the penal statute, the jurisdictional statute should not apply to juveniles charged with sex crimes. Such an interpretation preserves the validity of both statutes as required by our rules of statutory interpretation.
¶ 31. Finally, this interpretation is consistent with this Court’s longstanding practice of interpreting criminal statutes in favor of the defendant. Murray v. State, 266 So.2d 139, 141 (Miss.1972) (citing Johns v. State, 255 So.2d 322 (Miss.1971); Berry v. State, 212 Miss. 164, 54 So.2d 222 (1951)). This is particularly important when the interests of juveniles are involved. Quite simply,
[T]he youth court is better situated to make decisions regarding the interest of the juvenile, as is reflected by the Legislature’s reference to the youth court within Miss.Code Ann. § 43 — 21—157(5); the circuit court does not have the facilities to evaluate juvenile interests. If the circuit court always makes the decision on whether a case should be transferred to the youth court, the role of the youth court is then severely diminished. In effect, the district attorney will be deciding whether a youthful offender will be prosecuted as an adult or a juvenile.
State v. U.G., 726 So.2d at 160 (McRae, J. dissenting, joined by Sullivan, P.J., & Banks, J.).
¶ 32. In light of the above, the interests of the child require that we err on the side of caution and interpret the statutes as giving original jurisdiction to youth courts. The legislature intended the court to use its discretion when determining punishment, and the youth court is best suited for this endeavor. The youth court may then make the appropriate determination under Miss.Code Ann. § 43-21-157 whether to transfer the case or retain jurisdiction.
¶ 33. For the foregoing reasons, I would reverse and remand for further proceedings in the youth court.
GRAVES, J., JOINS THIS OPINION.

. (1) After receiving a report, the youth court intake unit shall promptly make a preliminary inquiry to determine whether the interest of the child, other children in the same environment or the public requires the youth court to take further action.... If it appears from the preliminary inquiry that the child or other children in the same environment are within *1286 the jurisdiction of the court, the youth court intake unit shall recommend to the youth court:
(a) That the youth court take no action;
(b) That an informal adjustment be made;
(c) The Department of Human Services, Division of Family and Children Services, monitor the child, family and other children in the same environment;
(d) That the child is warned or counseled informally; or
(e) That a petition be filed.
(2) The youth court shall then, without a hearing:
(a) Order that no action be taken;
(b) Order that an informal adjustment be made;
(c) Order that the Department of Human Services, Division of Family and Children Sendees, monitor the child, family and other children in the same environment;
(d) Order that the child is warned or counseled informally; or
(e) Order that a petition be filed.
Miss.Code Ann. § 43-21-357.

. D.S. raised the issue of double jeopardy at the hearing and in his brief to this Court. In Breed v. Jones, 421 U.S. 519, 95 S.Ct. 1779, 44 L.Ed.2d 346 (1975), the Supreme Court recognized that double jeopardy applied to youth court proceedings. Unfortunately, the record does not reveal the outcome of the original charges.